ISAAC SIMMONS

*v.*

JOHN B. CLARK.

1.   ACCORD AND SATISFACTION — *of a promise to pay a less sum in satisfaction of a judgment for a larger sum.* A judgment creditor and his debtor entered into a written agreement, by which the latter was to pay the former $500 in six months, and to give his promissory note for $3,500 payable in two years, and the note was given accordingly. The contract provided that when the debtor " shall have paid the said sums of money, with interest, the same are to be in full settlement of the judgment," which was for over $8,000; and the creditor " further agrees and binds himself to release said judgment upon payment of the sum mentioned in said promissory note by the " maker thereof: *Held*, the proper construction of the agreement was, that the payment of the $4,000 was to operate as a satisfaction of the judgment, not that the mere promise of payment was to have that effect.

2. A promise in such case, without execution, and without an express agreement that the promise itself shall be a satisfaction, will not amount to a satisfaction. The distinction seems to be, that if the promise be received in satisfaction, it is a good satisfaction; but if the performance, not the promise, is intended to operate in satisfaction, there shall be no satisfaction without performance.

3. So the mere execution of such an agreement, without a payment according to its terms, would not debar the judgment creditor from maintaining an action on his judgment.

4. SAME—*discharge as to residue of judgment.* Nor would such an agreement operate as a present release of all the judgment beyond the $4,000 agreed to be paid in its satisfaction. The meaning of the agreement was, that the release was to take effect in the future, upon payment of the moneys named, and then to be a release of the entire judgment, not merely a part of it.

5. SAME — *construction of the contract as to other claims.* It seems that prior to the making of this agreement, the debtor had given a mortgage to secure three notes, upon two of which the judgment in question was rendered, and the other belonged to a third person. In addition to the provision in the agreement that the judgment was to be satisfied by the payment of the $4,000, it provided that the judgment creditor would protect the debtor against the third note secured by the mortgage, and that whatever dividend the judgment creditor might receive from the sale of the mortgaged premises should be considered as forming a portion of the $4,000. It was *held,* this provision, in regard to the application of the dividend which the judgment creditor might receive from the mortgaged property, did not operate to postpone his right to have payment of the $4,000 within the time stipulated in the agreement, although proceedings were pending at the time such payment became due for the ascertainment of the amount of the dividend.

6. SAME — *effect of a partial payment after the time expired.* Nor would the acceptance by the judgment creditor, of a partial payment, after the expiration of the time fixed in the agreement and note, at all affect his right to enforce the collection of his judgment, so far as it remained unpaid, no matter in what form he gave the evidence of the receipt of such partial payment.

7. SAME— *surrender of the note.* It was not essential to the right of the judgment creditor to institute suit upon his judgment, the agreement in regard to the payment of the $4,000 not being complied with, that he should first have surrendered the note mentioned in the agreement; it would be sufficient to surrender it on the trial, or, if not so surrendered, and not shown to be lost or destroyed, it would operate as a payment of the judgment to that extent.

8. Errors — *in foreign judgments — in what mode to be corrected.* It was *held,* in a suit to enjoin an action at law upon a foreign judgment, that this court cannot sit in review of a judgment obtained in another State, for the purpose of correcting a mere error in its rendition, where there was jurisdiction of the subject matter and the parties, and no fraud in obtaining the judgment.

Appeal from the Superior Court of Chicago.

The opinion of the court contains a sufficient statement of tho case.

Messrs. Gookins & Roberts, for the appellant.

Mr. B. D. Magruder, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

This was a bill filed in the Superior Court of Chicago, to enjoin the prosecution of a suit by attachment on a certain judgment, for $8,253.94, recovered by the appellee, against the appellant in one of the State courts of Maryland. The claim for equitable relief under the bill was founded on the following agreement between the parties:

Know all men by these presents, that for the purpose of compromising and settling pending claims of the undersigned, John R. Clark against the undersigned Isaac Simmons, the said Clark and Simmons agree and bind themselves each to the other, as follows, viz.: The said Simmons agrees to pay to the said Clark the sum of five hundred dollars in cash, and to give his note of the following tenor, that is to say, to pay thirty-five hundred dollars on or before two years from the date hereof; but the sum of five hundred dollars, part of said thirty-five hundred dollars, to be paid within six months; and when the said Simmons shall have paid the said sums of money, with interest, the same are to be in full settlement of the judg-

ment hereinafter mentioned. And in consideration thereof the said Clark hereby agrees and binds himself to give a stay of execution for two years upon a judgment by default, obtained by him against the said Simmons in the superior court of Baltimore city, in the year 1865, but not extended until this year; and the said Clark further agrees and binds himself to release said judgment upon payment of the sum mentioned in said promissory note by the said Simmons. And the said Clark also agrees to indemnify and protect the said Simmons from and against all claims of James M. Buchanan, and the estate of Samuel Chew, M. D., and likewise from and against all claims of Mrs. Rachel Tyson, widow of John S. Tyson, Esq., or of said John S. Tyson's estate, upon three promissory notes, two of which constitute the claim upon which said judgment is founded, and the other for about twenty-three hundred dollars is held by the estate of said Chew; and all of which notes were secured by a mortgage upon property in Anne Arundell county, the said Simmons to the said Rachel Tyson.

In witness whereof, the said Simmons and Clark have, respectively, hereunto set their hands and seals, on this sixteenth day of April, A. D. 1866. (Signed in duplicate.)

(Signed)          Isaac Simmons, [seal.]

John R. Clark, [seal.]

Signed, sealed and delivered in presence of

Witness, Edward R. Schumacker.

And it is furthermore agreed by the parties hereto, in explanation of the foregoing indemnity as regards Dr. Chew's claim against the said Simmons, that the said Clark is not to be held responsible to the said Simmons to an amount beyond the proceeds obtained from the sale of the said mortgaged property now in the hands of Messrs. Stackett and Snowden, trustees. And it is furthermore agreed by the parties hereto, that whatever dividend the said Clark and Buchanan may receive from the sale of the aforesaid mortgaged property,

shall be considered as forming a portion of the four thousand dollars upon which this compromise is made.

       (Signed)            Isaac Simmons,  [seal.]

                            John R. Clark,  [seal.]

Witness,   Edw'd. R. Schumacker.

Receipts indorsed on the agreement signed by Clark, as paid by Simmons, as follows:

April 17, 1866.   $500 in money, and Simmons' note for $3,500.

December 27, 1866.   $200 on the within agreement.

March 8, 1867.   $300, same.

February 9, 1869.   $250 " on the within agreement. This and all the above receipts, except the first, being credited also on said Simmons' note herein referred to."

It is evident that the agreement, and note therein mentioned, which was given, were not taken in satisfaction and extinction of the judgment. The agreement provides, that, when Simmons shall have paid said sums of money, with interest, the same are to be in full settlement of the judgment. Clark agrees to give a stay of execution for two years upon the judgment, and further agrees to release the judgment upon payment of the note. It was only payment of the money which was to satisfy the judgment, and not the promise of payment.

Nor can we accede to the view which is urged, that the agreement was a present release of all of the judgment beyond the $4,000. To have that operation, there must be express words or an unequivocal intention to that effect; but all the language and intent of the agreement, in respect to the release, are, that it is to take place in the future, upon payment of the

moneys named, and to be then a release of the judgment, not of part of it.

This is the case, then, of a promise without execution; and without an express agreement that the promise itself should be a satisfaction; in such case there is no satisfaction of the original debt.    The distinction seems to be, that if the promise be received in satisfaction, it is a good satisfaction; but if the performance, not the promise, is intended to operate in satisfaction, there shall be no satisfaction without performance. *Cumber* v. *Wane*, Smith's Lead. Cas. 146.    A mere *agreement*, unexecuted, to accept a smaller sum in discharge of a larger, is not valid, and the giving of a negotiable promissory note of the debtor, for the smaller sum, on account of, and not in satisfaction of the prior debt, will make no difference. Id. 259, top paging, and see cases there cited.

Where an accord is relied on, it must be executed; readiness to perform is not sufficient, nor is part performance sufficient; an accord is always to be entirely executed and not executory in any part.    2 Parsons on Cont. 193; *Russell* v. *Lytle*, 6 Wend. 390; *Hawley* v. *Foote*, 19 id. 516.

Here, this judgment of $8,253.94 was to be satisfied upon the payment of $4,000 within two years from April 16, 1866; payment, and not the promise of payment, was to be received in satisfaction; the two years have elapsed and the appellant has only paid $1,250.    He has not performed, and there is no satisfaction of the judgment.

It is claimed that, under the last clause of the agreement, Simmons was not obliged to pay his note, due by its terms on the 16th day of April, 1868, until the courts should finally decide what dividend Clark & Buchanan were to have from the proceeds of the mortgage sale.

Simmons had given a mortgage to secure the payment of three notes, upon two of which, belonging to Clark & Buchanan, the judgment in question was rendered, and the other note belonged to Chew's estate.    The mortgaged prop-

erty had been sold, on the 5th day of February, 1865, for $3,178.14.

Appellant alleges, in his bill, that on the 9th day of February, 1869, when he made his last payment of $250, the circuit court had decided that Clark & Buchanan were entitled to about three-fourths of the $3,178.14, that is to say, about $2,383.59, but that an appeal had been taken from that decision, which was then pending; and it is claimed that, as long as that appeal was pending, the dividend which Clark & Buchanan were to receive from the proceeds of the mortgaged property had not been determined, and, until it was determined, that appellant was not obliged to pay any more of the $4,000.

But, as we construe this agreement, the $4,000 was to be paid within two years. If, in the mean time, any thing was received from the proceeds of the sale of the mortgaged property, that was to be taken as a part of the $4,000; but the payment of the $4,000, or any part of it, was not to be postponed until the courts should decide upon the amount of the dividend coming to Clark & Buchanan from such proceeds.

Simmons should have paid the $4,000 within two years, and if, afterward, Clark had kept any dividend obtained by him, Simmons would have had his action against him for money had and received.

But the bill itself states that the appellate court decided, on March 12, 1869, six months before Clark commenced his action on the judgment, that Clark & Buchanan were not entitled to any dividend; alleging in excuse that appellant did not know of it until after the commencement of such action.

We do not consider that the acceptance by the appellee of $250 after the expiration of the two years, on February 9, 1869, and the indorsement of it on the agreement and note, in any way affect the right of the appellee to enforce the collection of this judgment. At that time, he had the right to collect the full amount of the judgment remaining unpaid. It was of no consequence in what form he gave the evidence of the receipt of the

$250 then paid, whether by indorsement on the agreement or note, or by an independent receipt. Indorsing it on the note might manifest a willingness, perhaps, at that time, to accept the amount of the note in full of the judgment, or it might be evidence tending to show that the note was accepted in satisfaction of the judgment. We can give to it no other effect.

It is again insisted, that the note given under the agreement should have been surrendered up before the commencement of the suit upon the judgment.

The bill does not allege that the note had been negotiated, or that it was beyond the power of the appellee to produce it; and it would be sufficient if the appellee should, at the time of the trial of the suit upon the judgment, produce the note to be canceled; and if he failed to do so, and the note were not shown to be lost or destroyed, it would operate as a payment to that extent, upon the judgment. *Hughes* v. *Wheeler*, 8 Cow. 77; 1 Smith's Lead. Cas., *supra.*

It is lastly claimed, that in case the appellant should be entitled to no other relief, he is, at least, entitled to be relieved against the judgment to the extent of $500; claiming that there was an error to that amount in the computation of the sum due upon the notes on which the judgment was rendered.

We cannot sit in review of a judgment obtained in another State, for the purpose of correcting a mere error in its rendition, where there was jurisdiction of the person and subject matter, and no fraud in obtaining the judgment, and this bill sets up no pretense of such want of jurisdiction or fraud.

The agreement in this case recites that it was made for the purpose of compromising and settling pending claims between the parties; but, so far as the bill shows, there was no disputed claim between the parties at the time the agreement was made, in respect to this judgment, or otherwise; the error claimed of the $500, does not appear to have ever been set up previous to the filing of the bill; and, so far as any compromise was concerned, it seems to have been nothing more than an agreement to accept a less sum in payment of a greater one, a mere

act of grace, which the appellant never availed himself of in accordance with the terms of the agreement.

From the showing of the bill, we perceive no obstacle, legal or equitable, in the way of the collection of this judgment; the appellee should be left at liberty to pursue his remedy for that purpose, and the decree of the court below sustaining the demurrer, dissolving the injunction and dismissing the bill, is affirmed.

*Decree affirmed.*