## HENRY CHURCHILL v. W. W. MOORE.

TRESPASSES, BY JUDGMENT-CREDITOR AND OFFICER; *Liability of Both to Injured Party; Liability of Judgment-Creditor to Officer.* Where a constable, at the instance of the judgment-creditor, but without any express contract of indemnity therefor, levied an execution upon certain property, believed to belong to the judgment-debtor, but which in fact did not belong to the judgment-debtor, but belonged to a third person, and this third person immediately replevied the property, but the constable gave a redelivery bond and retained the property, and afterward sold the same on said execution to the judgment-creditor for the amount of the judgment and costs, and judgment was afterward rendered in the replevin action in favor of said third person and against the constable for a return of the property, or the value thereof in case a return could not be had, and for costs; *Held,* that even if the acts of the judgment-creditor were such that an *implied* contract of indemnity may be presumed, still, as long as the claim of said third person remains unsatisfied, the constable has no cause of action against said judgment-creditor; and that in no case like this can the constable recover from the judgment-creditor, more than his actual loss already sustained.

*Error from Doniphan District Court.*

ALL the facts in this case are stated in the opinion of the court. *Moore* as plaintiff, had judgment at the March Term 1873, and *Churchill* brings the case here.

*B. A. Seaver*, and *D. M. Johnston*, for plaintiff in error.

*Price & Webb*, for defendant in error.

·The opinion of the court was delivered by

VALENTINE, J.: The facts of this case are briefly as follows: Henry Churchill, who was the owner of a certain judgment rendered in a justice's court in favor of himself and against Gordon & Jones, caused an execution to be issued thereon and placed in the hands of W. W. Moore, a constable, for service. Moore by virtue of said execution levied upon a horse believed to belong to Gordon, but in fact belonging to Mrs. Mauritzius. Mrs. Mauritzius immediately replevied said horse. Moore then gave a redelivery bond, retained the horse, and afterward sold him on execution to Churchill for the amount of Churchill's judgment and costs. Churchill acknowledged satisfaction of the execution, and the execution was returned satisfied. All this was done in accordance with the instructions of Churchill, and of Churchill's attorney. Moore, at the instance of Churchill, defended said replevin action, Churchill himself employing the counsel, and through his counsel directing the management of the action. Judgment was finally rendered in the replevin action in favor of Mrs. Mauritzius and against Moore for a return of the horse, or in case a return could not be had for $100, the value of the horse, and for costs taxed, as Moore alleges, at $141.55. Further costs to the amount of $11, as Moore alleges, afterward accrued, making a total, as Moore claims, of $252.55. The jury however in this case rendered a judgment in favor ·of Moore and against Churchill for $250.48, which sum we must presume was the correct amount. No portion of the judgment in favor of Mrs. Mauritzius and against Moore

was paid or satisfied when this action was commenced. Indeed, no portion of said judgment was paid or satisfied when this action was tried, or when the jury returned their verdict into court. The court in this case rendered judgment upon the verdict in favor of Moore, and against Churchill, for the said sum of $250.48. But in rendering judgment the following proceedings (as shown by the bill of exceptions,) were had and done:

"Whereupon the court suggested that execution in this case be stayed until the judgment in the case of Mauritzius v. Moore was [shall be] satisfied; whereupon it was shown that said judgment had been paid after the verdict in this case was rendered; whereupon the court rendered judgment in favor of plaintiff and against defendant upon the verdict, and that execution be issued."

This is all there is in the record tending to show that Mrs. Mauritzius' claim or any part thereof has ever been satisfied. Churchill is the plaintiff in error in this court, and seeks to reverse the judgment of the court below. Now, when Moore and Churchill took said horse from Mrs. Mauritzius they were both trespassers, and Mrs. Mauritzius could have sued either of them, and recovered the value of the horse. And if they had been ordinary trespassers, the one against whom she recovered would have had no action against the other for contribution. But in cases of this kind where one of the trespassers is an officer, and the property is taken under legal process for the benefit of the other trespasser, who is not an officer, the officer may have an action against the other for his loss actually sustained. Mere liability however on the part of the officer, is not sufficient to enable him to maintain the action. He must actually have lost something, and he can recover only to the extent of his actual loss. Both parties become liable to the party injured as soon as they commit the trespass, and that liability continues as against both until the party injured is entirely satisfied for his or her loss. When Moore and Churchill took said horse from Mrs. Mauritzius (supposing Churchill participated,) both become liable to Mrs. Mauritzius, and both continued to be liable to her until her claim

was fully satisfied, notwithstanding said judgment rendered in favor of Mrs. Mauritzius against Moore. That judgment did not by any means release Churchill from liability to Mrs. Mauritzius. Nothing but a satisfaction of her claim would release any one of the trespassers. And if her claim were in any manner released as against any one of the joint trespassers, it would release all. Moore was just as liable to Mrs. Mauritzius on the day that he took the horse as he was after the judgment was rendered against him in her favor, and Churchill was no less liable to her after said judgment was rendered than he was on the day he participated in taking said horse. And yet we suppose no one will claim that Moore had any action against Churchill on the day that they took said horse from Mrs. Mauritzius. After said judgment was rendered against Moore, it was the right and duty of Churchill to satisfy the same. But if he did not satisfy it, then Moore might have done so if he had so chosen; and after doing so he would then have an action against Churchill for just the amount he necessarily paid in doing so. The theory upon which a sheriff or constable may recover against a co-trespasser, in a case like the one at bar, is not upon the principle that one trespasser may have an action for contribution against another trespasser, but it is upon the principle of an express or implied contract that the party for whose benefit the trespass is committed will indemnify the officer for all loss that the officer may afterward sustain by reason of the trespass. And when the officer sues for indemnity, his action is in the nature of an action on contract, and not in the nature of an action for a tort. Where the contract is not express, there must be sufficient circumstances from which a contract can be implied. The parties must then not know that they are making a contract to do an illegal act, but they must suppose that the facts are such that their acts about which they are contracting will be legal. In the present case, no express contract was proved, though the circumstances were such that an implied contract may be presumed. But it cannot be presumed or supposed that Churchill would agree to pay

Moore the amount of their liability to Mrs. Mauritzius, while Churchill himself was still liable to Mrs. Mauritzius, and while such a payment to Moore would not extinguish such liability. The finding of the court below, while rendering judgment in this case, that the judgment in the case of Mauritzius against Moore was paid after the verdict was rendered in this case, is a nullity for various reasons. There was no such question ever presented to the court in any proper manner by the parties. There is nothing to show that the question was ever tried upon any pleadings, motion, or otherwise. And it is not shown who paid said judgment.

The judgment of the court below is reversed, and cause remanded for a new trial.

All the Justices concurring.