LEONIDAS K. HOLMES v. FIRST NATIONAL BANK OF
LINCOLN.

FILED NOVEMBER 21, 1893.    No. 5629.

1. **Negotiable Instruments:** INDORSEMENTS: COLLATERAL
AGREEMENTS AFFECTING LIABILITY OF INDORSERS: PAROL
EVIDENCE. A blank indorsement of a negotiable instrument
before due, where the transfer is to a *bona fide* holder in the due
course of business, establishes a liability which cannot be varied
by parol evidence. But between the original parties a blank
indorsement may be modified by parol. The entire transaction
may be shown by reason of which the indorsement was made,
and parol evidence is admissible for the purpose of proving the
same.

2. **Directing Verdict.** *Held,* That the court erred in directing a
verdict.

ERROR from the district court of Lancaster county.
Tried below before HALL, J.

The action was by the First National Bank of Lincoln
to recover $3,400 and interest from Leonidas K. Holmes as
indorser of a promissory note of that sum executed by J.
G. Hutchins and C. H. Hutchins. The defense pleaded
by Holmes is set forth in the opinion. On the trial parol
proof was given in defendant's behalf, that at the time of
making the indorsement defendant assigned to the bank a
mechanic's lien against real estate owned by the makers as
a security for payment of the note, and that the officers of
the bank agreed, in case the makers made default in pay-
ment of the note, that the lien should be foreclosed and the
security exhausted before attempting to hold the indorser.
Record proof was admitted showing that the security of
the mechanic's lien had not been exhausted. On these
proofs counsel for the bank moved the court to direct a ver-
dict for plaintiff, on the ground that this oral agreement
constituted no defense to the action. This motion was sus-

tained, and a verdict for the bank and against Holmes was directed by the court.    A motion for a new trial by Holmes was overruled, and he brings error.    *Reversed.*

*Webster, Rose & Fisherdick,* for plaintiff in error:

On demurrer to evidence the party demurring must be treated as admitting all that the jury might infer from the evidence of his adversary. (*Southwest Improvement Co. v. Smith,* 17 Am. St. Rep. [Va.], 59.)

As between the original parties, a contemporaneous parol agreement may be construed with a note so as to defeat it. So far as concerns the immediate contracting parties, a blank indorsement exhibits, at the best, a contract by implication.    It is true that, as to *bona fide* holders of paper regularly negotiated, it establishes a liability indisputable if the signature be genuine; but as to holders with notice, or persons taking paper after maturity, the liability may be modified by parol, on proof of fraud, or of facts which make it inequitable for the plaintiff to recover.    An indorsement in blank being but a short-hand expression of a contract, may be expanded and explained by parol between the parties with notice. (Wharton, Law of Evidence, sec. 1059 ; *Kidson v. Dilworth,* 5 Price [Eng.], 564 ; *Castrique v. Buttigieg,* 10 Moore P. C. [Eng.], 94 ; *Susquehanna Bridge & Bank Co. v. Evans,* 4 Wash. C. C. [U. S.], 480 ; *Smith v. Morrill,* 54 Me., 49 ; *Brewer v. Woodward,* 54 Vt., 581 ; *Hamburger v. Miller,* 48 Md., 317 ; *Bruce v. Wright,* 3 Hun [N. Y.], 548 ; *Ross v. Epsy,* 66 Pa. St., 481 ; *Hudson v. Wolcott,* 39 O. St., 618 ; *Bailey v. Stoneman,* 41 O. St., 148 ; *Rothchild v. Grix,* 31 Mich., 150 ; *Greusel v. Hubbard,* 51 Mich., 95 ; *Hueske v. Broussard,* 55 Tex., 201 ; *Preston v. Gould,* 64 Ia., 44; *Dye v. Scott,* 35 O. St., 194; *Lormer v. Bain,* 14 Neb., 178.)

*A. G. Greenlee* and *Marquett, Deweese & Hall, contra:*

The contract which the law implies from the indorse-

ment of a negotiable note is as conclusive against parol testimony as though it were written out in full above the indorser's signature. (*Doolittle v. Ferry*, 20 Kan., 232; *First Nat. Bank of St. Paul v. Nat. Marine Bank of St. Paul*, 20 Minn., 63; 1 Daniel, Neg. Inst., sec. 719; *Knoblauch v. Crossman*, 37 N. W. Rep. [Minn.], 586; *Eaton v. McMahon*, 42 Wis., 484; *Charles v. Denis*, 42 Wis., 57; *Skelton v. Dustin*, 92 Ill., 49; *Jones v. Albee*, 70 Ill., 34; *Courtney v. Hogan*, 93 Ill., 101; *Martin v. Cole*, 104 U. S., 30; *Rodney v. Wilson*, 67 Mo., 123; *Lewis v. Dunlap*, 72 Mo., 178; Tiedeman, Com. Paper, sec. 274.)

MAXWELL, C. J.

On the 22d day of January, 1890, J. G. Hutchins and C. H. Hutchins made and delivered to the plaintiff Holmes a promissory note for the sum of $3,400, due in ninety days from date, with ten per cent interest. Afterwards, but at what time does not clearly appear, Holmes indorsed said note in blank and waived demand and notice, and delivered the note to the defendant, and this action is upon the indorsement. Holmes in his answer alleges:

1. That the note was given by the makers for building material furnished by him for the erection of certain buildings in the city of Lincoln, on which he had taken a mechanic's lien, which had been assigned to sureties on the note.

2. That the sureties would not consent to a renewal of the note unless he would proceed to foreclose his lien; that thereupon John R. Clark, the president of the bank, proposed to take the note in question and an assignment of the lien and permit the makers of the note to pay from $200 to $400 per month thereon, and that the bank would carry said indebtedness and exhaust the property to which the lien attached before bringing an action against Holmes, and he was required to refrain from prosecuting an action

on the lien; that Holmes did refrain from prosecuting said lien and accepted the note in question and indorsed the same to the bank, it being expressly agreed between Holmes and the bank that it should first exhaust its said security before resorting to an action on the indorsement.

3. "That before plaintiff herein brought this action and refusing to foreclose said lien, though then holder thereof, this defendant, for his own protection and for use of said bank, instituted an action thereon in the name of himself and of said plaintiff in this court against said Hutchins and Hutchins and others, and therein expressly alleged that said plaintiff was entitled to receive all the proceeds of said lien to be applied on said note; and said plaintiff in said action fully affirmed and ratified the same and claimed the benefit of said lien under the assignment thereof; and in the trial of said action said plaintiff, by its cashier, produced in this court the said note, and its cashier was sworn and testified on behalf of the said plaintiff and this defendant, and plaintiff in said action recovered a judgment of foreclosure of said mechanic's lien against each of said pieces of real estate and improvements; but said judgment has in part been appealed from, and is in consequence thereof not yet realized or collected; but said judgment is yet unreversed and is in full force and effect, and said action was pending when this suit was commenced, and then undetermined."

The reply is a general denial.

On the trial of the cause the court directed the jury to return a verdict for the bank, which was done.

The proof tends to show the following facts: The note sued on was a renewal of a former note. The indorsers of the original note were J. H. McClay and J. R. Webster. A mechanic's lien was filed and assigned to Webster and McClay as indemnity against their indorsement. When the note became due foreclosure was commenced by Holmes. Then Hutchins proposed to Holmes to borrow at the bank

for Holmes. Clark, the president of the bank, sent for Holmes and said, in substance, that he was willing to let Hutchins have the money if Holmes would assign the lien to the bank, and he would release McClay and Webster as sureties. Holmes' counsel advised him not to risk any further delay in collecting from Hutchins; but, through the importuning of Hutchins and Clark, the suit was stopped and Holmes made a transfer of his mechanic's lien to the bank and delivered the security to Mr. Clark. Hutchins had agreed to pay from $200 to $400 a month until the note was paid, and Clark agreed to take this mechanic's lien as security for the note until such time as it was paid. Clark thought Hutchins would pay the note, and it would get Hutchins out of his embarrassment until he could dispose of his property. There was this agreement, that, in indorsing that note, Clark took the lien as security, and if there should ever be any trouble there would be nothing done until that lien was exhausted. After the note became due the bank, when about to institute foreclosure suit, discovered a discrepancy in the description of one piece of the property, and Mr. Callahan, the cashier, directed Holmes to begin foreclosure, which was done. The petition in the foreclosure suit, founded on the lien and note sued on here, was given in evidence; so also were the original mechanic's lien and assignments thereof and the decree in the foreclosure suit. The suit on the lien was commenced September 19, 1890, more than a month prior to the bringing of this action. The principal question in this case is the right to permit proof of a contemporaneous parol agreement to explain or qualify a blank indorsement of a promissory note in an action between the parties.

In *Dye v. Scott*, 35 O. St., 194, the supreme court of Ohio in an able opinion discusses the question. It is said: "There are authorities which hold that the contract which the law implies or presumes in such cases is as conclusive and certain as if written out in full, and that parol evi-

dence is not admissible to vary or contradict it. The reason given for requiring such strictness, in substance, is that the indorsement adds to the value of the instrument by giving it currency in commercial transactions; and that its value would be impaired and circulation restricted by admitting oral testimony to vary or contradict the terms of the contract which the law presumes or implies from the indorsement, even as between indorser and indorsee. (See *Bank of United States v. Dunn*, 6 Pet. [U. S.], 51; *Dale v. Gear*, 38 Conn., 15; *Barnard v. Gaslin*, 23 Minn., 192; *Bartlett v. Lee*, 33 Ga., 491.) While we sanction the doctrine that upholds the credit and negotiability of commercial paper in the hands of any *bona fide* holder for value, we do not, in order to accomplish this, see the necessity of carrying the doctrine quite so far as it is carried in the cases above cited. As between the indorser and indorsee, we regard the blank indorsement as only *prima facie* evidence of the contract which the law presumes to arise therefrom. If the indorsement is made upon no other, that contract will control the rights of the parties. If there was a contemporaneous contract between the parties upon which the indorsement was made, both reason and justice require that, as between themselves, the actual and not the presumed contract should be enforced; and, as between them, oral testimony should be admissible to prove the contemporaneous contract. This will not be necessary, or even probably impair the currency or credit of the instrument as commercial paper. Prior parties to it will not be affected, nor will the rights of subsequent indorsees without notice be impaired or limited in any degree. As to all the world except the parties to the special contract, and as between themselves only, the character of the instrument as commercial paper will remain unaffected." To the same effect, *Hudson v. Wolcott*, 39 O. St., 618.

In *Bailey v. Stoneman*, 41 O. St., 48, the court held: 'The indorsement being in blank, parol evidence of what

was said by the parties in and about the transfer was properly admitted. *Dye v. Scott*, 35 O. St., 194, followed.

"2. The indorsement *prima facie* implied that the indorser assumed its usual obligations, and upon him rested the burden of proving a different understanding and agreement.

" 3. If the evidence justified a finding that the then understanding or agreement was that the indorser assumed the usual obligation, the fulfillment by E. T. B. of his contract to build applied as a consideration to support the transfer of the note as made."

In *Preston v. Gould*, 64 Ia., 44, 19 N. W. Rep., 834, this rule was approved, and undoubtedly is the law of the modern cases. A blank indorsement of a negotiable instrument before due, where the transfer is to a *bona fide* holder in the due course of business, establishes a liability which cannot be varied by parol evidence. But as between the original parties, a blank indorsement may be modified by parol. At most it is only *prima facie* evidence of the contract which the law implies therefrom. Between the parties the entire transaction may be shown, although a part of it is in writing and a part rests in parol; that is, what was the actual contract between the parties? And oral testimony is admissible to prove the actual agreement. This does not affect the paper as to third persons who have no notice of this agreement, where the paper is transferred before due for a valuable consideration. (Wharton, Evidence, sec. 1059; *Kidson v. Dilworth*, 5 Price [Eng.], 564; *Castrique v. Buttigieg*, 10 Moore P. C. [Eng.], 94; *Susquehanna Bridge & Bank Co. v. Evans*, 4 Wash. C. C. [U. S.], 480; *Smith v. Morrill*, 54 Me., 48; *Brewer v. Woodward*, 54 Vt., 581; *Hamburger v. Miller*, 48 Md., 317; *Bruce v. Wright*, 3 Hun [N. Y.], 548; *Ross v. Espy*, 66 Pa. St., 481; *Hudson v. Wolcott*, 39 O. St., 618; *Bailey v. Stoneman*, 41 O. St., 148; *Rothschild v. Grix*, 31 Mich., 150; *Greusel v. Hubbard*, 51 Mich., 95; *Hueske v. Broussard*, 55 Tex., 201; *Preston v. Gould*, 64 Ia., 44.)

In the case at bar the court should have submitted the testimony to the jury, and it erred in directing a verdict. The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.