S. L. TRUE v. W. C. BULLARD ET AL.    45    409
                                      50    619

FILED JUNE 18, 1895. No. 5981.

1. Negotiable Instruments: INDORSEMENTS IN BLANK: LIA-
   BILITY OF INDORSER: ORAL AGREEMENTS. Boston made and
   delivered his promissory note due in nine months to True. True
   before maturity of the note indorsed it in blank and sold it to
   Bullard & Co., and Bullard & Co. before the note's maturity sold
   and delivered it to a bank. The bank sued Boston as maker
   and True as indorser of the note and recovered a judgment.

True then sued Bullard & Co. to recover the amount of the judgment which had been rendered against him in favor of the bank as indorser of said note, alleging that at the time he indorsed the note in blank and sold and delivered it to Bullard & Co. he did so under and by virtue of an oral agreement between them that, notwithstanding he indorsed the note in blank, he was not to be liable thereon as indorser. He did.not aver in his petition that he had paid the judgment, or any part thereof, rendered against him in favor of the bank.

2. ——: ——: ——. When the payee of a note indorses his name thereon in blank and delivers said note to a purchaser thereof, the law in effect writes over the signature of said indorser an agreement on his part that if the holder of said note shall present it to the payor thereof at its maturity for payment and it be dishonored, and that if such holder shall then give such indorser notice in a reasonable time of the dishonor of said note, that he, the indorser, will pay it.

3. ——: ——: ——. And on the part of the indorsee of such a note, the contract created by law is that he will present said note at its maturity to the payor thereof for payment, and if it be dishonored, that he will within a reasonable time notify the indorser thereof of such dishonor.

4. ——: ——: ——: EVIDENCE. Between the original parties a blank indorsement may be modified by parol, the entire transaction may be shown by reason of which the indorsement was made, and parol evidence is admissible for the purpose of proving the actual contract made between the indorser and the indorsee at the time of the blank indorsement. (*Holmes v. First Nat. Bank of Lincoln*, 38 Neb., 326.)

5. ——: ——: ——. The contract pleaded between True and and Bullard & Co. amounted to this: That the latter agreed that so far as they were concerned as holders of the note they would not look to True for payment thereof; that he was not to be liable to them as an indorser ; but they did not agree not to sell and indorse the note, nor did they agree that if they should do so, they would advise the purchaser of the contract existing between them and True.

6. ——: ——: ——. The fact that Bullard & Co. transferred the note before maturity to a bank, and that as against the bank True could not set up as a defense the contract under which he indorsed it to Bullard & Co., did not invest True with a right of action against Bullard & Co.

True v. Bullard.

7. ——: ——: ——.   Under no view of the case can True have any cause of action against Bullard & Co. until he shall have paid the judgment rendered on said note or some part thereof.

ERROR from the district court of Hitchcock county. Tried below before WELTY, J.

*J. W. Cole,* for plaintiff in error, cited: *Taylor v. Coon,* 48 N. W. Rep. [Wis.], 123; *Gregory v. Hartley,* 6 Neb., 356; *Holmes v. First Nat. Bank of Lincoln,* 38 Neb., 326; *Bradford v. Prescott,* 85 Me., 483; *Sturtevant v. Randall,* 53 Me., 149; *Smith v. Morrill,* 54 Me., 48; *Patten v. Pearson,* 57 Me., 428; *Jones v. Childs,* 8 Nev., 124; *Wright v. Whiting,* 40 Barb. [N. Y.], 240; *Bellom v. Freeborn,* 63 N. Y., 388; *Furnas v. Durgin,* 119 Mass., 500; *Hall v. Nash,* 10 Mich., 304.

*William O. Woolman,* also for plaintiff in error.

*L. H. Blackledge, contra,* cited: *Dale v. Gear,* 9 Am. Rep. [Conn.], 353; *Charles v. Denis,* 24 Am. Rep. [Wis.], 383; *Doolittle v. Ferry,* 27 Am. Rep. [Kan.], 166; *Weller v. Eames,* 2 Am. Rep. [Minn.], 150; *Churchill v. Hunt,* 3 Den. [N. Y.], 321; *Valentine v. Wheeler,* 23 Am. Rep. [Mass.], 404.

RAGAN, C.

The material facts in this case are: On the 9th of December, 1889, one R. W. Boston made his certain promissory note of that date for $265, due September 9, 1890. This note was payable to the order of and delivered to one S. L. True. Before the maturity of this note True sold and delivered it to W. C. Bullard & Co., and indorsed it in blank. Before the note matured Bullard & Co. sold it to a bank, and it not being paid at maturity, the bank sued the maker of the note and True as an indorser and obtained a judgment against them. True then brought this suit in

the district court of Hitchcock county against Bullard &
Co., reciting the foregoing facts, and alleging that at the
time he sold the note to Bullard & Co. and indorsed it,
it was orally agreed between him and Bullard & Co.
that the sale and indorsement of the note to them should
be and was without recourse on him, True; or, in other
words, notwithstanding that he indorsed the note in blank,
he was not to be or become liable thereon as an indorser.
True in his petition did not aver that he had paid the
judgment rendered on the note or any part thereof.  The
district court sustained objections to the evidence offered
by True to support the allegations of his petition on the
ground that the petition did not state facts sufficient to con-
stitute a cause of action, and directed a verdict for Bullard
& Co., on which judgment of dismissal of True's action
was rendered, and he prosecutes to this court a petition in
error.

The record presents two questions: May the payee of
a promissory note, who has indorsed his name on the
back thereof and delivered said note to a purchaser, show
by parol, in a suit between himself and said purchaser,
that by so indorsing and delivering said note, that the
liability created thereby was a different liability from
that which the law implies against a party by reason of
such an indorsement of commercial paper?  Or, applied
to the facts in the case at bar, is it competent for True
to prove by parol that at the time he indorsed and de-
livered the note in question to Bullard & Co. that the
agreement between them was that he, True, should not be
liable on said note as an indorser by reason of such in-
dorsement and delivery?  When the payee of a note in-
dorses his name thereon in blank and delivers said note to
a purchaser thereof, the law in effect writes over the signa-
ture of said indorser an agreement on his part that if the
holder of said note shall present it to the payor thereof at
its maturity for payment and it be dishonored, and that if

such holder shall then give such indorser notice in a reasonable time of the dishonor of said note, that he, the indorser, will pay it; and on the part of the indorsee of said note, the contract created by the law is that he will present said note at its maturity to the payor thereof for payment, and if it be dishonored, that he will within a reasonable time notify the indorser of said note of such dishonor. It must be admitted that many eminent authorities hold that parol evidence is not admissible to contradict or vary the contract which the law raises by reason of the indorsement in blank and delivery of commercial paper, either on the part of the holder or the indorser; but in *Holmes v. First Nat. Bank of Lincoln,* 38 Neb., 326, this court held that between the original parties a blank indorsement might be modified by parol; that the entire transaction might be shown by reason of which the indorsement was made, and that parol evidence was admissible for the purpose of proving the actual contract made between the indorser and indorsee at the time of the blank indorsement. On the authority of that case we hold that it was competent for True to show by parol that at the time he indorsed and delivered the note to' Bullard & Co. that, notwithstanding such indorsement and delivery, he, True, was not to be held liable as an indorser of the note; and that Bullard & Co. in effect purchased the note without recourse on True. But we must not be understood as deciding that the payee of a promissory note, who indorses it in blank and delivers it before maturity, could set up the defense that he in fact sold and indorsed without recourse, as against a subsequent indorsee of said note who purchased it before maturity, in the usual course of business, and without knowledge of the contract between the indorser and first indorsee.

As already stated, True in his petition did not aver that he had paid any part of the judgment which had been rendered against him on said note in favor of the bank to whom it had been sold and assigned by Bullard &

Co. So far, then, as the petition shows, True has not been damaged. Under no view of the case can he have any cause of action against Bullard & Co. until he shall have paid the judgment rendered on said note or some part thereof. (*Churchill v. Moore*, 15 Kan., 255; *Lott v. Mitchell*, 32 Cal., 24; *Jeffers v. Johnson*, 21 N. J. Law, 73.)

But what was the contract between True and Bullard & Co.? The petition avers that Bullard & Co. "expressly agreed, and it was understood and made a part of the consideration of the sale and transfer of said note, that said defendants Bullard & Co. were to accept and take said note without any liability or recourse whatever on the part of this plaintiff on account of the non-payment of said note at maturity." The most that can be said for this language is that by it Bullard & Co. agreed that so far as they were concerned as holders of the note they would not look to True for payment thereof; that he was not to be liable to them as an indorser. But Bullard & Co. did not agree, so far as the pleadings show, not to sell and indorse this note, nor did they agree that if they did sell and indorse the note they would advise the purchaser of the contract existing between them and True. The mere fact that Bullard & Co. transferred this note before maturity to the bank, and that as against the bank True could not set up as a defense the contract under which he indorsed it to Bullard & Co., does not invest True with a right of action against Bullard & Co. In other words, Bullard & Co. have not violated their contract with True. The petition does not state a cause of action. The judgment of the district court is right and is

AFFIRMED.