HOWARD WHITNEY, SHERIFF, v. CYRUS K. SPEARMAN.

FILED FEBRUARY 16, 1897.    No. 7040.

1. **Parol Evidence:** COMMERCIAL PAPER: INDORSEMENTS. A general indorsement of commercial paper may, except as against a *bona fide* holder, be explained and the precise terms of the agreement shown by parol evidence. (*Corbet v. Fetzer,* 47 Neb., 269.)

2. **Final Order:** INTERVENTION. An order striking a petition of intervention on the ground that it was not filed within the time allowed therefor is not such a final order as will be reviewed upon petition in error to this court.

ERROR from the district court of Sarpy county. Tried below before BLAIR, J. *Affirmed.*

*Rich, O'Neill & Sears,* for plaintiff in error.

*H. C. Lefler, Kennedy, Gilbert & Anderson,* and *W. W. Morsman, contra.*

POST, C. J.

On the 7th day of July, 1893, Hamilton M. Hinkle and Ethan H. Hinkle, doing business in Sarpy county in the firm name of Hinkle & Son, conveyed to the defendant, Cyrus K. Spearman, by chattel mortgage a stock of merchandise to secure the sum of $3,870, evidenced by three promissory notes of the mortgagors, to-wit, one for $1,200, maturing June 19, 1893, one for $1,200, maturing June 19, 1894, and one for $1,487, maturing August 18, 1894. On the 20th day of July plaintiff in error, Whitney, as sheriff of Sarpy county, seized the property aforesaid in the possession of the mortgagee named to satisfy four certain orders of attachment issued in as many separate actions in the district court for said county, by Kirkendall, Jones & Co., McCord, Brady & Co., Gilmore & Rhul, and the Gate City Hat Company, as plaintiffs, against the said Hinkle & Son. Afterward this action of replevin was brought by the defendant in error against the sheriff and prosecuted to judgment in favor of the former, and from which the latter prosecutes error to this court.

The Sarpy County Bank and the Kilpatrick-Koch Dry Goods Company, hereafter called the "dry goods company," claiming to be interested in the property in controversy by virtue of mortgages from Hinkle & Son under date of July 17 and 18, respectively, sought to intervene in the replevin suit in order to assert their rights in that action to the property in controversy, but the petition of the former was stricken from the files on the motion of the court, and the cause proceeded to judgment in favor of the dry goods company against the plaintiff in the sum of $1,559.11, and from which the bank prosecutes error, assigning as ground for the reversal of the judg-

ment the order of the district court striking its petition of intervention.

Practically the only contention by plaintiff in error Whitney at this time is that the district court erred in permitting Spearman, the plaintiff below, to prove that he was the owner of the $1,487 note above described, then held by J. D. Spearman & Co., bankers, under an unrestricted indorsement. Said note was at the date of the mortgage, as shown by the testimony of both Spearman, the payee, and the cashier, held by the bank above named as collateral security for advancements to said Spearman appearing upon the books of the bank as an overdraft. The district court found as a matter of fact that said note "was so held as collateral security for an indebtedness of said Cyrus K. Spearman to said bank; that said bank never looked to said Hinkle & Son for any of the interest on said note, nor for the principal thereof, but always looked to Cyrus K. Spearman to make good to it the sum received by said Cyrus K. Spearman at the time of transferring of said note to the bank." This finding is unquestionably supported by the evidence, and is, we think, material to the issues actually tried. The testimony was not, it should be remembered, received for the purpose of verifying the terms of the unrestricted indorsement as against one claiming to be a *bona fide* holder of the note. Between the parties to such an indorsement the precise terms of the contract is always a subject of inquiry and may be shown by parol evidence. (*Cortelyou v. Hiatt*, 36 Neb., 584; *Holmes v. First Nat. Bank of Lincoln*, 38 Neb., 326; *True v. Bullard*, 45 Neb., 409; *Corbet v. Fetzer*, 47 Neb., 269.) And the rule thus recognized applies with equal force to a case like that before us, where the objection is interposed by one who is an entire stranger to the transaction. It is probable, although the question is not presented for decision, that the security mentioned will in equity inure to the benefit of the legal holder of the paper. There is, however, in such a transaction no inherent vice, nor is there in the evidence adduced the

slightest ground for imputing to the contracting parties, or either of them, a purpose to defraud the creditors of the mortgagors. There is no error in the record so far as it relates to the principal controversy, and the judgment in favor of defendant in error Spearman is accordingly affirmed.

Turning to the petition in error of the Sarpy County Bank, we observe, first, that no exception was taken to the order striking the petition of intervention; second, there was interposed by said bank no motion for a new trial; third, there is no final judgment to which said bank is a party. Upon this record comment is unnecessary. It follows that the petition in error must be dismissed.

Petition in error of Sarpy County Bank dismissed. Judgment in favor of defendant in error Spearman

AFFIRMED.