SARPY COUNTY STATE BANK, APPELLANT, V. H. M.
HINKLE & SON ET AL., APPELLEES.

FILED DECEMBER 21, 1897. No. 7528.

Chattel Mortgages: SALE OF PROPERTY: PROCEEDS: LIENS ON SUR-
PLUS: ATTACHMENT. The decree of the court below is without evi-
dence to support it.

APPEAL from the district court of Sarpy county.
Heard below before BLAIR, J. *Reversed.*

*H. C. Lefler,* and *Kennedy, Gilbert & Anderson,* for ap-
pellant.

*W. W. Morsman, contra.*

NORVAL, J.

There is no controversy over the material facts in this
case, which may be summarized as follows: On July 17,
1893, the defendants H. M. Hinkle & Son were engaged in
the mercantile business at Springfield, Sarpy county, and
were indebted in large sums to numerous creditors,
among others the plaintiff and appellant herein, the
Sarpy County State Bank, and the defendants Cyrus K.
Spearman, McCord-Brady Company, and the Kilpatrick-
Koch Dry Goods Company. On said date H. M. Hinkle
& Son, being indebted to Spearman in the sum of $3,870,
to secure the payment thereof executed and delivered
to said Spearman a chattel mortgage on their stock of
merchandise, which mortgage was duly filed for record
at 5:30 o'clock in the afternoon of the same day, and
Spearman took immediate possession of the mortgaged
chattels. Subsequently, on the same day, the said H. M.
Hinkle & Son executed another mortgage upon the same
goods, in favor of plaintiff, the Sarpy County State Bank,
to secure the payment of a *bona fide* indebtedness of
$1,394, which mortgage was delivered to the bank, and
by it filed in the office of the county clerk of Sarpy county

Sarpy County Bank v. Hinkle.

on July 18, 1893. Afterwards, on the same day, the said mortgagees executed two chattel mortgages upon the same goods, one to McCord-Brady Company and the other to the Kilpatrick-Koch Dry Goods Company. McCord-Brady Company repudiated the mortgage given to it, and on July 20, 1893, sued out a writ of attachment against said H. M. Hinkle & Son, and caused the sheriff to levy the same upon said stock of goods, which at the time was in the possession of Spearman, under his said chattel mortgage. The property was likewise seized upon other writs of attachment. Spearman thereupon replevied the goods from the sheriff, and after obtaining possession thereof sold the property under the terms of his mortgage, realizing therefrom the sum of $1,559.11, above the amount of his lien and the costs and expenses of the sale. The Kilpatrick-Koch Dry Goods Company intervened in the replevin suit and made claim to the property by virtue of its chattel mortgage. Upon the trial of the cause Spearman obtained judgment against the sheriff, and the dry goods company recovered judgment against Spearman in the sum of $1,559.11. The sheriff prosecuted error to this court, where the judgment was affirmed. (See *Whitney v. Spearman*, 50 Neb. 617.) The present action was brought by the Sarpy County State Bank against H. M. Hinkle & Son, Cyrus K. Spearman, the Kilpatrick-Koch Dry Goods Company, McCord-Brady Company, and other creditors of said H. M. Hinkle & Son, plaintiff praying a decree establishing its said mortgage as the first and best lien upon the surplus funds in the hands of Spearman, notwithstanding the said judgment in favor of the Kilpatrick-Koch Dry Goods Company; that Spearman be required to pay the surplus funds in his hands, or so much thereof as shall be necessary to satisfy the amount of plaintiff's mortgage, with interest and costs; and that, pending this suit, the Kilpatrick-Koch Dry Goods Company be restrained from enforcing its judgment against Spearman; and that the latter be enjoined from paying said judgment, until

the rights and equities of plaintiff can be determined by the court; and for such further or other relief as the court shall deem just and equitable. McCord-Brady Company and the Kilpatrick-Koch Dry Goods Company filed separate answers to the petition, but Spearman and the other defendants made default. There was a reply filed to each of said answers, and upon the trial the court dismissed the petition of plaintiff and dissolved the restraining order. Plaintiff appeals.

It is very plain that the decree of the court below cannot stand. Plaintiff had a lien on the property second only to Spearman's mortgage, and it is evident that plaintiff, under the undisputed facts, was entitled to a decree against the latter for the amount of surplus remaining in Spearman's hands after satisfying the amount of his mortgage debt. It is true that in the replevin suit the Kilpatrick-Koch Dry Goods Company obtained a judgment against Spearman for this identical money, but that is of no importance here, since the bank was not a party to the replevin litigation, and is not in the least affected by the judgment entered therein. As between the bank and the dry goods company their rights are to be determined as though the judgment in favor of the latter in the replvin action had never been obtained. H. M. Hinkle & Son were justly indebted to the bank in $1,394, and to secure the payment thereof the mortgage in question was executed and recorded prior, in point of time, to the mortgage given to the dry goods company. Plaintiff has a first lien, for the amount of its debt remaining unpaid, upon the surplus money in the hands of Spearman, and the dry goods company is entitled to a lien upon said surplus, subject to the lien of plaintiff. The decree is reversed and the cause remanded to the district court with directions to render a decree in accordance with this opinion.

REVERSED AND REMANDED.