EDWARD JASTER, SR., v. F. M. CURRIE.

FILED MAY 6, 1903.    No. 12,840.

1. Foreign Judgment: FRAUD AS DEFENSE. In an action on a judgment of a sister state, it is competent for the defendant to show that he was induced by the fraudulent conduct of the plaintiff to come within the jurisdiction of the court rendering the judgment.

2. ———: JURISDICTION. Full faith and credit is not denied the judgment of a sister state by permitting the defendant in an action on such judgment to show that jurisdiction of his person was fraudulently obtained.

3. ———: DEFENSES. The rule, requiring each state to give full faith and credit to the judicial proceedings of every other state, will not shield a judgment of a sister state from attacks that might have been made upon it in the state where it was rendered.

4. ———: ———. A party who has been induced by the fraud of his adversary to go into a jurisdiction other than that of his residence, for the purpose of being there served with process, need not appear specially and move to quash the service. He may entirely ignore the proceeding, without waiving his right to defend against the judgment.

5. Service of Process: FRAUD. If a party has been fraudulently brought within the jurisdiction of a court for the purpose of serving process upon him, the service is not lawful, even though he might, by exercising diligence, have gotten out of the jurisdiction after the fraud ceased to be operative and before the process was served.

6. Indorser and Indorsee: PAROL EVIDENCE. Where the rights of innocent third parties are not involved, it is permissible to show by

parol evidence that the contract between the indorser and indorsee of a promissory note was different from that which results by legal implication from a blank indorsement.

ERROR to the district court for Custer county: HOMER M. SULLIVAN, DISTRICT JUDGE. *Affirmed.*

*O. A. Abbott* and *Simon Cameron,* for plaintiff in error.

*Elliott J. Clements, contra.*

SULLIVAN, C. J.

This was an action on a judgment recovered by the plaintiff, Edward Jaster, Sr., against the defendant, Frank M. Currie, in the court of common pleas of Trumbull county, Ohio. The answer of the defendant, among other things, alleges that he was not indebted to the plaintiff; that he did not appear generally in the action; and that he was decoyed into the jurisdiction of the Ohio court, for the purpose of being there served with process. A general demurrer to the answer was overruled, and judgment on the merits given in favor of the defendant.

The contention of Jaster, based upon *Christmas v. Russell,* 5 Wall. (U. S.) 290, and other decisions of the supreme court of the United States, is that fraud in inducing the defendant to come within the jurisdiction of the Ohio court where an unjust judgment was recovered against him, is not available in an action brought upon that judgment in this state. This court is committed to a contrary doctrine. In *Eaton v. Hasty,* 6 Neb. 419, it was expressly held that fraud is a good defense to an action brought on a judgment of a sister state. The same conclusion was reached in *Keeler v. Elston,* 22 Neb. 310, and the doctrine was reaffirmed in *Snyder & Dull v. Critchfield,* 44 Neb. 66, although the question was not involved in that case. The plaintiff insists, however, that the doctrine of the foregoing cases is in conflict with article 4, section 1, of the federal constitution, and the act of congress made in pursuance thereof, which require each state to give full

faith and credit to the judgments of every other state. Many authorities may be cited which apparently sustain the plaintiff's position, but upon examination it will be found that they emanate from jurisdictions where the distinction between actions at law and suits in equity is strongly maintained and enforced, and where an equitable defense is not recognized nor allowed in an action at law. In this state the distinction between actions at law and suits in equity is abolished by statute, and to an action on a legal demand the defendant may interpose any defense he may have, whether the same be legal or equitable. The constitutional provision and act of congress, above referred to, require nothing more than that the judgment shall be given precisely the same effect in every other state that it has in the state where it was rendered. *Hanley v. Donoghue*, 116 U. S. 1; *French v. Pease*, 10 Kan. 51; *Simmons v. Clark*, 56 Ill. 96; *McLaren & Co. v. Kehler*, 23 La. Ann. 80, 8 Am. Rep. 591. In other words, in an action on a judgment of a sister state it has all the advantages and none other than it would have were it sought to be enforced in the state where it was rendered. Neither the constitution of the United States, nor the laws of congress, nor any rule of comity requires the courts of this state to shield a judgment from attacks that might have been successfully made upon it in the state where it was rendered. *Wood v. Watkinson*, 17 Conn. 500, 44 Am. Dec. 562; *Taylor v. Barron*, 30 N. H. 78, 64 Am. Dec. 281; *Bank of Chadron v. Anderson*, 6 Wyo. 518, 48 Pac. 197; *Warrington v. Ball*, 90 Fed. 465.

This being true, when the plaintiff sought to enforce his judgment in this state, the defendant had the same right to look for relief to the courts exercising equity jurisdiction in this state that he would have had to look to a court of equity of the state of Ohio, had the plaintiff sought to enforce it there. Under our system of pleading it was not necessary that he should institute an original action for relief. The code is designed to avoid circuity of action and to prevent multiplicity of suits. Any

grounds that he could have urged in an action instituted by him to obtain relief from the judgment are available as a defense to an action brought to enforce such judgment. The following cases, we think, fully sustain this conclusion: *Toof, McGovern & Co. v. Foley,* 87 Ia. 8; *Dunlap & Co. v. Cody,* 31 Ia. 260; *Pilcher v. Graham,* 18 Ohio C. C. 5; *Abercrombie v. Abercrombie,* 64 Kan. 29, 67 Pac. 539; *Wood v. Wood,* 78 Ky. 624, 629; *Marx v. Fore,* 51 Mo. 69. In most, if not all, of the cases just cited, the fraud consisted, as it does in this case, in decoying the defendant within the jurisdiction of the court rendering the judgment.

The plaintiff further contends that the answer fails to show a defense to the notes upon which the judgment is based. We need not stop to inquire whether in order to obtain relief from a judgment obtained by fraud, it is necessary to show a defense to the action in which such judgment was rendered. Whether necessary or unnecessary, the defendant has in his answer stated a valid defense to the action brought in the state of Ohio. It is true that such defense involves contradicting the contract which the law implies, over his indorsement of the notes upon which the action was based. But this court is thoroughly committed to the doctrine that that may be done, so long as the rights of innocent third parties are not involved. *Whitney v. Spearman,* 50 Neb. 617; *Holmes v. First Nat. Bank of Tobias,* 38 Neb. 326; *True v. Bullard,* 45 Neb. 409; *Corbett v. Fetzer,* 47 Neb. 269.

It is said that the question of the jurisdiction of the court of common pleas over the defendant was raised in that court by a motion to quash the service of summons and that the question was adjudged in favor of the plaintiff and can not be again litigated. The answer alleges that at the time the motion to quash was presented and determined, defendant did not know that plaintiff had been guilty of any fraudulent conduct, and it appears quite clearly from the petition in this case that the special appearance was made only for the purpose of challenging

the validity of the service of the summons on the ground that defendant was in Ohio for the purpose of attending the taking of depositions and therefore exempt from service of judicial process. That objection, if not interposed before judgment, would, of course, have been waived. But the objection that jurisdiction was fraudulently obtained was one which, according to the authorities, defendant was under no obligation to present to the Ohio court. He was not obliged to litigate any question in a court whose jurisdiction over him was obtained by deception and trickery. This is the doctrine implied in all the cases holding that fraud in obtaining jurisdiction is a good defense to an action on a judgment of a sister state.

To the suggestion that if the defendant had been diligent he might, after the depositions had been taken, have gotten out of Ohio without being served with summons, it is only necessary to say that want of diligence on the part of defendant could not change the quality of plaintiff's conduct nor entitle him to retain any advantage gained by fraud. *Townsend v. Smith*, 47 Wis. 623.

The judgment is right and is

AFFIRMED.

NOTE.—From this judgment error was prosecuted to the supreme court of the United States. April 24, 1905, judgment of this court reversed. *Jaster, Sr., v. Currie*, 25 Sup. Ct. Rep. 614. July 6, 1905, judgment of reversal entered in this court.—REPORTER.