**Emil Brauninger, Defendant in Error, v. The National Light, Heat and Power Company, Plaintiff in Error.**

**Gen. No. 14,333.**

ACCORD AND SATISFACTION—*what essential to valid.* In order that an accord and satisfaction may constitute a defense to an action it must appear that the same was executed.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed February 16, 1909.

**Statement by the Court.** This writ of error brings before us for review a judgment of the Municipal Court for $100, recovered by defendant in error against plaintiff in error in an action of the fourth class.

Plaintiff entered the service of defendant January 2, 1907, under a written agreement between said par-

CHICAGO—FIRST DISTRICT—FEBRUARY, 1909.    5

Brauninger v. National Light, Heat and Power Co., 147 App. 4.

ties by which defendant promised to pay plaintiff a salary of $25 per week.  Plaintiff, Summers, Ander and Bible each held $15,000 and Lawrence $25,000 of the capital stock of defendant, issued on the payment of ten per cent. of the par value of such stock.  But a small amount of the capital stock of defendant had been issued in addition to the shares issued to the parties above named.  Each of said persons appears to have been employed by defendant at the time plaintiff was employed, and at the same salary or wages.

February 12, 1907, the following instrument was signed by plaintiff, Lawrence, Summers and Bible, but not by Ander:

"February 12, 1907.  We, the undersigned, hereby agree to contribute to the running expenses of the National Light, Heat & Power Co. to the extent of $75 each, in case same is needed, while effort is being made to interest new capital.  We also agree to take stock in said company to the extent of our contributions and for our salaries."

A day or two after February 12 plaintiff, Summers, Bible and Ander, each surrendered his contract of employment to the defendant, and Lawrence assumed the management of the company.  No one of the signers of the instrument of February 12 paid to the defendant any part of the money he thereby agreed, "to contribute to the running expenses," of defendant, and the defendant did not issue or offer to issue any stock to the plaintiff for or on account of his salary.  Defendant paid plaintiff on his salary or wages $41.

O'DONNELL, DILLON & TOOLEN, for plaintiff in error.

ANDERSON & ANDERSON, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The contention of plaintiff in error is, that by the

surrender by the plaintiff of his contract of employment to the defendant that contract was rescinded and plaintiff's employment terminated. From January 2 to February 12, both inclusive, is forty-two days—six weeks. Plaintiff's salary or wages for that time would be $150, and he had been paid but $41, leaving due him as salary or wages, a sum somewhat in excess of the amount of his recovery.

We are unable to find in the facts of the case any valid defense to plaintiff's action for his salary or wages under the contract up to the time of the surrender thereof. The defense of accord and satisfaction is not made out by the evidence. The paper dated February 12, 1907, does not purport to be a contract between plaintiff and defendant. It was signed by four of the five principal stockholders of the defendant, and was not signed by the fifth, Ander, who held $15,000 of the stock. But treating that instrument as a contract between plaintiff and defendant, it cannot be held to amount to or constitute a defense to plaintiff's action for wages due at the time such contract was entered into, for the agreement thereby made was never executed. Defendant did not deliver nor plaintiff accept stock for the salary then due. When an accord is relied on it must be executed. Simmons v. Clark, 56 Ill. 96; Jacobs v. Marks, 183 *id.* 533.

We find no error in the record, and the judgment of the Municipal Court will be affirmed.

*Affirmed.*