NEBRASKA STATE BANK, APPELLANT, V. E. C. HOWE, APPELLEE.

FILED MARCH 1, 1922.  No. 21822.

Evidence. As between the indorser and indorsee, the form of indorsement of a past due note is not conclusive, but the nature of the contract may be proved by parol testimony.

APPEAL from the district court for Cheyenne county: HANSON M. GRIMES, JUDGE. Affirmed.

*Warren & Hodgkin,* for appellant.

*O. A. Torgerson* and *W. J. Ballard, contra.*

Heard before MORRISSEY, C.J., ROSE and ALDRICH, JJ., FITZGERALD and WAKELEY, District Judges.

FITZGERALD, District Judge.

Plaintiff brought this action against defendant to recover from defendant on a note payable to defendant, made by P. F. Hoke, and indorsed by defendant in blank, and delivered to the plaintiff bank.

Defendant in his answer states that the note was indorsed and delivered to plaintiff after maturity, and only upon consideration that defendant would be discharged from liability on a note of about equal amount made by defendant and held by plaintiff. Defendant further stated in answer that, while his indorsement on the note here sued upon was made in blank, there was a parol agreement between plaintiff and defendant, at the time of making the indorsement and delivery of the note in question, that plaintiff would look to P. F. Hoke, the maker of the note, and to him alone, for payment thereof, and that the indorsement was made only for the purpose of transferring title to the note.

The case was tried to a jury, who found in favor of defendant on the issue as to whether or not plaintiff had agreed to hold defendant harmless on his indorsement of the note. Judgment was entered on the verdict, and plaintiff has appealed to this court.

No comment is made on the evidence in the case, and plaintiff relies for a reversal of the district court's judgment on the proposition of law as to the admissibility of parol testimony "to vary or explain the contract of a general indorser of past-due paper as between the immediate parties."

Counsel for plaintiff and appellant admit in argument and in their briefs that this court is on record in favor of the admissibility of parol evidence, but contend that

we are in the minority, and that the holdings of this court which established this doctrine cannot be sustained since the adoption by this state of the negotiable instruments law. We cannot indorse the theory of counsel for appellant. This court has been consistent in its holdings on the point from 1893, when it rendered the decision in *Holmes v. First Nat. Bank,* 38 Neb. 326, to 1903, when it affirmed the doctrine in *Jaster v. Currie,* 69 Neb. 4 The doctrine laid down by this court in *Davis v. Sterns,* 85 Neb. 121, which was after the passage of the negotiable instruments law, would, we think, fit the instant case; but there is no occasion for reliance on other than holdings of this court on the exact proposition in question before the passage of the act referred to. The statute was enacted to facilitate the circulation of negotiable paper, and was never intended to fix on an indorser a liability which he did not intend to assume, unless it should become a question as to who should lose, as between the indorser and an innocent purchaser for value. It never was intended to allow an indorsee to make certain representations to an indorser as an inducement to the indorsement, and later stand behind the legislative act while the court is taking from the indorser something which he never contracted to give, and which he specifically contracted orally that he should not give.

The jury in the instant case found that plaintiff agreed not to look to defendant for payment of the note, and that, relying on this agreement, defendant indorsed the note in blank. By this act he became a general indorser, liable on the paper to all subsequent holders in due course, but did not sacrifice his right to show by parol testimony just what the contract of indorsement was, as between plaintiff and defendant. The decisions of this court in *Holmes v. First Nat. Bank, supra, Corbett v. Fetzer,* 47 Neb. 269, *United States Nat. Bank v. Geer,* 53 Neb. 67, and *Jaster v. Currie,* 69 Neb. 4, are still the

law in Nebraska, and the decision of the district court of Cheyenne county is

AFFIRMED.