## BANK OF CHADRON v. ANDERSON.

SPECIAL TERMS OF DISTRICT COURTS — WAIVER OF DEFECT IN SERVICE BY ANSWERING TO THE MERITS — SUFFICIENCY OF PETITION — JUDGMENT OF SISTER STATE — COLLATERAL IMPEACHMENT — SUPPLEMENTAL PETITION — SUFFICIENCY OF EVIDENCE — UNINDORSED NOTES AS COLLATERAL SECURITY — CONFLICT OF JUDGMENTS — RULES — RE-HEARINGS.

1. The record in a case tried at a special term of a district court containing the order made by the court at the last preceding regular term calling the special term, but not disclosing whether there had been a request of the county commissioners therefor, or whether the notice thereof had been published, as required by Sec. 843 of the revised statutes, and such record not indicating that it contained all the recitals of record or all the files containing the calling of such term, it must be presumed that all acts necessary to be done antecedent to the holding of the special term were done, it

appearing that such term was held at the time appointed, and
the court being one of superior and general jurisdiction.

2.  An answer of defendant meeting all the allegations of plain-
tiff's petition, admitting some, denying all not so admitted,
and making other allegations pertinent to the case upon the
merits constitutes a general appearance and waives all defects,
if any, in the manner of procuring, and proof of service upon
defendant, notwithstanding that in the same answer the de-
fendant questions the jurisdiction of the court, and states
that the defendant appears "in limine."

3.  A general appearance does not waive want of jurisdiction of
the subject matter, but does waive any defect in acquiring
jurisdiction over the person of defendant.

4.  In a proceeding to vacate a judgment, for fraud practiced
by the successful party in obtaining the same, under Sections
2701, 2705-6-7 Rev. Stat., a petition states a good cause of
action which alleges that the attorney for plaintiff in col-
lusion and conspiracy with attorney for defendant fraudulently
agreed to let judgment go against plaintiff by consent; that
the judgment of another State upon which the former suit
was founded, was fraudulently procured, and that the court
of such other State did not have jurisdiction of the person of
plaintiff in the suit in which the judgment was rendered,
and that prior to that suit the judgment creditor had been en-
joined by the order of another court of the same State from
collecting the notes placed in judgment, except as to his
interest therein at the time of the commencement of the in-
junction suit.

5.  A judgment of a sister State, when sued on in this State,
may be impeached for want of jurisdiction of the person;
and fraud in its procurement may be interposed as a defense
thereto if such defense would have been permissible in a suit
upon the judgment in the State where it was rendered.   Such
defense may be interposed to a suit upon a judgment rendered
by a county court in the State of Nebraska.

6.  Facts alleged in a supplemental petition so called, having
occurred prior to the filing of the original or former petition,
are not proper facts for a supplemental petition; but in this
case the allegations being proper, if incorporated into an
amended petition, such allegations, rather than the name
given to the pleading, must control the force and effect to
be given to it; and no substantial right being affected by the
misnomer, the allowance of the filing of the pleading, although

called "supplemental" instead of "amended," does not amount to such an error as to require a reversal of the judgment for that reason alone.

7. The fact that a Nebraska judgment, sued on in this State, was rendered for a greater sum than was indorsed upon the summons, and in excess of the amount which was actually due, was, at least, competent in connection with all the other circumstances upon the issue of fraud in the procurement of such judgment.

8. Held, that the evidence is sufficient to support the finding of the court that there existed a valid defense to the former action, the judgment wherein was sought to be vacated.

9. A simple delivery of negotiable promissory notes as collateral security, without indorsement (where indorsement is required to vest the title in the purchaser or pledgee), vests in the pledgee a contingent equitable interest only, subject to the prior equities of third persons as against the pledgor, and subject to all defenses, equities, and infirmities existing between the payee and maker.

10. Shortly after the execution and delivery of certain promissory notes, suit was brought by the maker in the district court of Dawes County, Nebraska, against the payees, and the one claiming to hold them as collateral security for an antecedent debt of the payees, to obtain the cancellation of the notes, and enjoin their collection ; pending that suit, the said alleged holder commenced an action upon the notes in the county court of the same county, without making any reference to the pending suit in the pleadings, and obtained a judgment by default. Subsequently, a final decree was rendered in the suit in the district court perpetually enjoining the original payees from transferring or collecting the notes, and enjoining the party claiming to hold them, as aforesaid, from transferring or collecting the same except to the extent of its interests acquired prior to the commencement of such injunction suit. Held, that as between the two judgments, the decree in the district court must prevail, as that court first acquired jurisdiction of the subject matter and the parties, and in a suit in this State upon the county court judgment, it is permissible for the defendant to show that, at the commencement of the suit in the district court aforesaid, the alleged holder of the notes had not acquired any interest in the notes ; and, held, that if no such interest had been ac-

quired, that fact would constitute a valid defense to the judgment of the county court, when sued on in this State.

On rehearing.

1. The rules of the supreme court have the force of statutory law, and parties have the right to rely upon them as such for the purpose of terminating litigation and for other purposes.

2. A motion to strike a petition for rehearing from the files can not be considered in the absence of notice of the motion to the party filing the petition.

3. A petition for rehearing not accompanied by a brief, or filed after the expiration of the time allowed by the rules, is not properly before the court for consideration upon its merits.

[Decided, March 25, 1897.   Rehearing denied, July 7, 1897.]

ERROR to the District Court for Weston County, HON. W. S. METZ, Judge.

Proceedings for the vacation of a judgment. The bank of Chadron brought suit in the district court for Weston County against Martin C. Anderson upon a certain judgment rendered by the county court of Dawes County, Nebraska. Judgment was entered for the bank, and after the term Anderson instituted proceedings under the statute for the vacation of the judgment on the ground of fraud. The district court ordered the judgment vacated and the original action placed upon the docket of the next term for trial. The bank prosecuted error. The material facts are stated in the opinion.

*Allen G. Fisher*, for plaintiff in error.

There was a failure to comply with the statute concerning the calling of a special term of court. The term was not called upon petition by the county commissioners. The constructive service was not good because the notice published referred to the petition, and the only one filed was an amended petition. No proof of publication was filed.

The judgment of the Nebraska Court can not be inquired into. The courts of Wyoming must give "full faith and credit" to the judicial proceedings of every other State; and they can not pass upon any irregularity or even fraud perpetrated in the County Court of Nebraska. (2 Black on Judgments, Secs. 860, 918, 919, 921; Carpenter v. Dexter, 8 Wall., 513; Ritter v. Hoffman, 35 Kan., 215; Hanley v. Donoghue, 116 U. S., 1.)

*N. K. Griggs* and *E. E. Lonabaugh,* for defendant in Error.

It must be assumed, in the absence of proof to the contrary, that all steps necessary to the holding of the special term of court were taken, the law always presuming when an official act is shown to be done, but which could not be done without some prior act, that the prior act had been done. The objection to the notice published to obtain constructive service is purely technical. The word "amended" is mere surplusage, and the clerical error should be disregarded. (R. S., Sec. 2502.) This question was not raised on the trial, but defendant answered, and went to trial upon the merits. This act constituted a general appearance. (Scarborough v. Myrick (Neb.), 66 N. W., 868; Handy v. Ins. Co., 37 O. St., 366.) When a defendant appears and files his motion to dismiss the suit because of defects in the service by publication, he thereby waives all irregularities and defects in such service. (Welsh v. Ayres, 43 Neb., 326; Ragan v. Morrill, 43 id., 361.) If objections to the jurisdiction had been properly made and overruled, the party making the same must not further appear if he desires to rely thereon. By afterward answering he waives the jurisdictional questions. A judgment of another State may be impeached for want of jurisdiction, or for fraud in its procurement. This right does not violate the Federal Constitution. (Cole v. Cunningham, 133 U. S., 107; White v. Reid, 24 N. Y. S., 290; Conway v. Ellison, 14 Ark., 360; Freeman on

Judg., 591; Royal Arc. v. Carley, 29 Atl., 813; Reynolds v. Fleming, 30 Kan., 103; Cleveland v. Hopkins, 55 Wis., 387; Delancy v. Brownell, 4 Johns., 136; Ward v. Quinlivin, 57 Mo., 425; Eaton v. Hasty, 6 Neb., 419; Schoomaker v. Albertson, 51 Conn., 387; Huntington v. Finch, 3 O. St., 445; Downing v. Still, 43 Mo., 309; Pierce v. Olney, 20 Conn., 544; Rogan v. Walker, 1 Wis., 631; Thomas v. Morris, 30 Pac., 546 (Utah).) Defenses on the ground of fraud are admissible in code States, fraud having always been successfully set up in equity as a ground for restraining proceedings on the judgment of a sister State. (Sharman v. Morton, 31 Ga., 34; Runeler v. Dawson, 4 Scam., 536; Welsh v. Sikes, 3 Gilm., 193; Rogers v. Gwin, 21 Ia., 58; Dunlap v. Cody, 31 Ia., 260; Marks v. Fore, 51 N. W., 69; Eaton v. Hasty, 6 Neb., 419; Keeler v. Elston, 22 Neb., 310; Davis v. Headly, 22 N. J. Eq., 115; Stanton v. Crosby, 9 Hun., 370; Dobson v. Pearce, 12 N. Y., 156; Kinnier v. Kinnier, 45 id., 217; Coffee v. Neeley, 2 Heisk., 304; Furley v. Taylor, 6 Baxt., 376; Budford v. Budford, 4 Munf. (Va.), 241; Brown v. Parker, 28 Wis., 21; Peel v. January, 35 Ark., 331; Pearce v. Olmer, 37 Am. Dec., 27; Engel v. Schuerman, 40 Ga., 206; Anderson v. Anderson, 8 O., 108.) Negligence, mistake, sickness, or erroneous advice of attorney will authorize the setting aside of a judgment obtained by default. (Rogan v. Walker, 1 Wis., 631; Finch v. Malcolm, 30 Pac., 835; Thomas v. Morris, 8 Utah, 284; Baxter v. Chute, 52 N. W., 379; Douglas v. Todd, 31 Pac., 623; Briston v. Galvin, 62 Ind., 382.)

POTTER, JUSTICE.

On the 30th day of March, 1895, Martin C. Anderson filed his petition in the District Court of Weston County seeking the vacation of a judgment recovered by the bank of Chadron against him on the 4th day of April, 1894, in said court in a certain suit wherein said bank was plaintiff, and said Anderson was the defendant. The ground of

such application was misconduct and fraud of the prevailing party in obtaining said judgment. The facts relied on to establish such misconduct and fraud are set out in detail in said petition; and, in general, the charges are that the counsel for the bank entered into a conspiracy with the attorney who had been employed by Anderson to represent him in said action whereby the latter's said attorney agreed to allow judgment to go against him by consent, and that the judgment complained of was so entered without the consent in fact of Anderson and without his knowledge. The petition also alleges certain facts upon which it is claimed that there existed a valid and meritorious defense to the action. An answer was filed, amendments to petition, supplemental petition and reply, and upon the trial, without a jury, the court found that the plaintiff Anderson had a good and valid defense to said action, that the judgment was procured by said bank in a much greater sum than was due by imposition through its attorneys both on the court and the defendant therein, and that said judgment was procured by undue means on the part of the bank against Anderson. It was thereupon ordered that said judgment be vacated and set aside, and that the action wherein it had been rendered be placed upon the trial docket of said court, and stand for trial at the next regular term.

Plaintiff in error complains of this judgment, and at the outset attacks the jurisdiction of the court on two grounds. The first proposition contended for in that connection relates to the legality of the session of court at which the cause was tried and judgment entered. It appears that the trial occurred at a special term of the district court in Weston County; and it is urged that the requirements of the statute concerning the calling of special terms were not complied with. Counsel state in their brief that the term was not called upon any petition therefor by the county commissioners. The statute (Sec. 843 Revised Stat. 1887) provides that it shall be competent for the district court, upon the written request of a ma-

jority of the board of county commissioners, of the proper
·county, at any regular term thereof, or any judge in vaca-
tion, to order a special term, by giving thirty days' notice
in some newspaper published in the county, if there be
·one; if not, then in some newspaper of general circulation
in such county, and that where such notice shall be given
the court shall have the same powers as the court at a
general term.

All that the record in this case discloses with respect to
this matter is that at the regular October, A. D. 1895,
term of said court, on the 29th day of October, 1895, an
order was entered of record for a special term of said
court to be held at Newcastle, Weston County, Wyom-
ing, on the 2d day of December, A. D., 1895. Whether
the order was made at the request of a majority of the
board of county commissioners, or whether the notice
thereof was published as provided in Sec. 843, supra, is
not shown. The particular objection now urged does not
appear to have been made at the time of trial. The bill
of exceptions states that upon the 2d day of December
the cause was set down for trial on the 3d day of Decem-
ber over defendant's objections; and that at the time of
trial defendant objected to the introduction of any testi-
mony, because said court did not have jurisdiction over the
subject matter, nor of the person of the defendant, and
that the petition does not state a cause of action, which
objection was overruled, and an exception preserved. De-
fendant offered no proof, and nothing is incorporated in
the record of this case to negative a request by the com-
missioners, or the publication of notice. The record
before us does not indicate that it contains all the recitals
of record, or all files in the court below concerning the
calling of such special term. So far as the matter is at all
disclosed by the present transcript, the record and files
of the district court may clearly and fully show that such
request of the commissioners was made, and that the
notice was published. The court ordered the special term.
Such term was held at the time appointed, and nothing

appearing to the contrary, said court being one of superior and general jurisdiction, we must assume that all acts necessary to be done antecedent to the holding of said special term were done.

It is further contended that the court did not acquire jurisdiction of the person of the defendant, and several of the assignments of error are devoted to this objection; the particular grounds urged being that there was no petition filed as basis for service by publication; that the affidavit for constructive service does not refer to the amended petition, and fails to state facts sufficient to authorize such service; and that no proof of publication was filed.

The affidavit which is required to authorize service by publication was filed on the 30th day of March, 1895, the same day as that on which the first pleading appearing in the record was filed, which pleading is designated "Amended Petition." It is stated in the record that no proof of publication was filed. However, on the 7th day of June, 1895, an answer was filed in said cause on behalf of the defendant. In that answer it is alleged that the defendant appears "in limine," and shows to the court that it has no jurisdiction of the action nor of the person of the defendant for three specified reasons; viz., 1. Because the action is not one brought under chapter six, division four, of the Code of Civil Procedure, but is in effect and in fact a petition for new trial; 2. Because the petition is not based on the ground of fraud on the part of the successful party procuring the judgment; 3. Because no affidavit for publication containing a statement of facts required by the statute was filed. No objection on account of the failure to file proof of publication was offered in any manner at or prior to the trial. The answer, repeating that defendant appears "in limine," then proceeds to meet the allegations of the petition, admitting certain of its averments, denying all not so admitted, and making other allegations, to which a reply was subsequently filed by the plaintiff Anderson.

This answer constituted a general appearance, and waived all defects, if any, in the manner of procuring and proof of service. We do not understand that the statement that defendant appears "in limine" qualifies the appearance in any respect. Neither do we understand that any thing in the answer indicated a special appearance. A party making a general appearance does not waive want of jurisdiction of the subject matter, but he does waive defective service of process, and any other defect in acquiring jurisdiction over the person of the defendant.

It is further contended that the petition does not state facts sufficient to constitute a cause of action. The allegations of the petition, stated as briefly and in as general terms as we feel at liberty to state them, are, that the prevailing party, the bank of Chadron, by its agents and attorneys, was guilty of misconduct and fraud in obtaining the judgment sought to be vacated; that the attorney employed by the plaintiff in collusion and conspiracy with the attorney for the defendant fraudulently agreed to let judgment go against this plaintiff by consent; that the notes upon which the judgment was obtained in the county court of Dawes County, Nebraska, were executed by plaintiff to Spargur, Fisher & Mc Cann, a firm of attorneys at Chadron, Nebraska, without consideration, and upon the strength, or upon being induced to so execute them by means of false and fraudulent representations made by said attorneys to him to the effect that he was indebted to certain persons who had formerly been creditors of a partnership of which he had been a member, when in truth and fact he was not so indebted in any sum whatever, as all the claims of said creditors had been settled in full by the receiver of said partnership. That within two days after giving said notes the plaintiff notified the cashier of the bank of Chadron that said notes were void and had been given without consideration, which notice was so given to the bank before it had acquired any interest in said notes. That immediately

thereafter he caused suit to be commenced in the district court of Dawes County, Nebraska, for the purpose of obtaining the cancellation of said notes, in which suit the original payees and the bank were made parties defendants, and in which suit a final decree was rendered perpetually enjoining Spargur, Fisher & Mc Cann from collecting said notes, and that the bank was perpetually enjoined from the transfer of said notes to any person and from the collection thereof, except to the extent of its interests, if any, acquired prior to the commencement of said action. That said judgment stands in full force and unreversed. That thereafter said bank by said attorneys, who were the original payees named in said notes, caused a suit thereon to be brought in the county court of Dawes County, alleging in the petition in said last-named action that Anderson had executed and delivered said notes to said attorneys in consideration of his indebtedness to them; that they had indorsed and delivered said notes on the 23d day of February to said bank for a valuable consideration; that no part of said notes had been paid, and that there was due thereon a certain specified sum of money. That after a pretended service of summons upon him, the plaintiff was informed by the cashier of said bank that the latter had no claim against him; that said suit was brought without its authority; that it required no attention of the plaintiff, as the bank would not prosecute the same. That thereupon he left Nebraska, and returned to his home in Illinois, and made no general appearance or defense to said suit, but supposed it had been withdrawn. It is then alleged that said judgment obtained upon said notes in the county court of Dawes County, Nebraska, was wholly void, because said court had never had or acquired legal jurisdiction of this plaintiff by legal service of summons, and was void because of fraud in its procurement, such charge of fraud being based upon the conduct of the bank and its attorneys in procuring the judgment under the circumstances alleged, some of which we have adverted to.

The ground of the contention on the part of plaintiff in error seems to be that inasmuch as the judgment of the Dawes County court in Nebraska is the foundation of the original suit in this State, that judgment can not be impeached collaterally.    Under the provisions of the statute affecting new trial after the term at which judgment was rendered, a new trial may be granted for, among other causes, fraud practiced by the successful party in obtaining a judgment.    Rev. Stat., Sec. 2701. For such cause the proceedings to vacate a judgment are required to be by petition verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and if the party applying was defendant, the defense to the action, and in such petition a summons is required to issue and be served as in the commencement of an action.    Rev. Stat., Sec. 2705.    The court must first try and decide upon the grounds to vacate or modify a judgment before trying or deciding upon the validity of the defense.    (Sec. 2706.)    A judgment shall not be vacated until it is adjudged that there is a valid defense to the action.    (Sec. 2707.)

Before a judgment can be vacated as provided by chapter 5 of the Code of Civil Procedure, in which chapter are to be found the sections above cited, upon petition of the defendant to the action wherein the judgment was entered, the court must determine that there is good statutory cause for the vacation of such judgment, and that there exists a valid defense to the action.

In our opinion the allegations of the petition are sufficient, if the facts are established, to authorize a finding favorable to the petitioner upon both propositions, and that the petition therefore does state facts sufficient to constitute a cause of action.

With reference to the collateral attack upon the judgment of the county court of Dawes County, Nebraska, the petition charges want of jurisdiction of the person; and that can always be questioned in a suit upon a judgment of a sister State.    There has been much discussion

34

in the courts of the United States and of the various States respecting the right to impeach such judgments for fraud in their procurement, by reason of the provisions of the Constitution and statutes of the United States respecting the faith and credit to be given by each State to the public acts, records, and judicial proceedings in the courts of other States, but the general trend of authority and the great weight thereof is in favor of allowing such a defense if it would have been permissible in a suit upon the judgment in the State where it was rendered, and such is the rule adopted in Nebraska.    Eaton v. Hasty, 6 Neb., 419; 29 Am. Rep., 365; Snyder v. Critchfield, 44 Neb., 66.

Prior to the trial, but on the same day the plaintiff, Anderson, by his attorneys, applied to the court for leave to file a supplemental petition; to this an objection was interposed on the ground that the matter sought to be pleaded was immaterial, and not competent to be proved, and was tendered without notice to defendant, and without an order for pleading.    The facts alleged in the supplemental petition were not supplemental matters.    Sec. 2506 of the Rev. Stat. authorizes the filing of a supplemental petition by permission of the court or judge upon such terms as such court or judge may prescribe, alleging facts material to the case which occurred subsequent to the filing of the former petition.    The facts set forth in the pleading which is denominated a supplemental petition all occurred prior to the filing of the former petition, but it is stated in the pleading that they were not known to the plaintiff until afterward.    The allegations would be proper in an amended petition, and such allegations rather than the name given to the pleading should control the force and effect to be given to it.    No substantial right can be affected by the misnomer, and in view of the liberal provisions of our statute concerning amendments, the allowance of the filing of said paper, although styled "supplemental" instead of "amended," does not amount to such an error as to require a reversal of the judgment

for that reason alone.    (Cincinnati v. Cameron, 33 O. St., 336.)

During the trial it was discovered that the judgment rendered by the county court of Dawes County, Nebraska, was for a greater sum than was indorsed upon the summons and in excess of the amount which would be actually due upon the notes sued on, giving them full force and effect; and leave was granted plaintiff to file an amended petition setting forth those facts to correspond with the proof.   While there may be grave doubt if such an error disposed of the jurisdiction of the court, and we by no means hold that it would, the fact itself was at least competent, in connection with all the other circumstances, upon the issue of fraud in the procurement of the judgment.   We, therefore, do not perceive any error in permitting the amendment to the petition in that regard.

It is further urged that the findings and judgment of the court are not sustained by the evidence.   We might well refuse to consider the assignments of error based upon the evidence, inasmuch as the motion for new trial is not embraced in the bill of exceptions, the necessity for which has been so frequently announced by this court, and is shown by our rule thirteen, although no objection to the manner of presenting the motion in the record is made by counsel for defendant in error.   Nevertheless, upon an inspection of the evidence we are of the opinion that it is sufficient to support the finding of the court that the plaintiff had a valid defense to the former action, the judgment wherein was sought to be vacated.   The evidence tends at least to show that fraud had been practiced in procuring the Nebraska judgment upon the notes. An affirmance of the judgment of the district court in the present cause will result in a new trial of the former action, upon which trial the evidence already adduced will be again used and must then receive consideration.   We do not deem it advisable to discuss the same in detail, nor at all in respect to a mere question of fact.   In respect, however, to the effect of the judgment of the district court

of Dawes County, Nebraska, upon the judgment of the county court of the same county, it is proper that we express our views.

The impregnable character of the county court judgment, when sued on in this State, is strongly urged upon our attention, and counsel for plaintiff in error rests his case almost entirely upon the proposition that such judgment must be accepted without question in the courts of this State.    We are inclined to the opinion that the evidence shows jurisdiction of the subject matter and of the person of Anderson in that court, but its judgment may nevertheless be impeached for fraud, and we are inclined to view the various irregularities connected with the exercise of its jurisdiction in that court as matters affecting the charge of fraud, rather than as being jurisdictional matters.    There is, however, another Nebraska judgment in this case to which the same faith and credit must be given as to the one upon which plaintiff in error relies. The record of the decree of the district court enjoining the collection or transfer of the notes does not show the date when it was rendered, except by a filing mark of the clerk, nor the date when the suit was commenced, but Mr. Fisher, counsel for plaintiff in error, and a party to the suit in the district court, was a witness upon the trial of this case, and testified that the injunction suit was commenced on or about July 20, 1888, and that the decree was rendered June 23, 1892; and as to the date of the decree, the filing mark upon the back of the copy of the decree brought into the record agrees with the statement of the witness.    The suit in the county court upon the notes was commenced in August, 1891, and judgment was rendered therein on the 8th day of March, 1892.    The subject of the suit in the district court was the same notes upon which suit was brought in the county court, but in the former the cancellation of the notes and an injunction against their collection and transfer was sought, and in the latter, the defendants in the former, one of them as party, the other as attorney, sought judgment upon the

notes.   In the former suit, which was not concluded by
final decree until June, 1892, the original payees were
enjoined from transferring or collecting any of said notes,
and the bank was enjoined from transferring and collect-
ing them, excepting as to such interest as it may have
acquired prior to the commencement of that suit.   It is
conceded that the basis of the judgment in the county
court was the notes, the collection of which was sought to
be enjoined in the suit in the district court, and which was
so enjoined to the extent aforesaid by a decree subsequent
to the judgment of the county court.   In the suit upon
this last-mentioned judgment in the courts of our State,
seeking thereby to collect said notes, although they may
have merged in a judgment, the injunction decree may be
interposed as a defense.   It was testified to by Mr. An-
derson and one Hoppe, who together saw the notes in the
bank on February 23, 1888, that they were not at that
time indorsed by the payees, and Mr. Record, the cash-
ier, does not testify positively, nor with any clearness of
recollection, that they were indorsed at that time.   On
that day, while so unindorsed, if Mr. Anderson and the
other witnesses who corroborate him are correct, the cash-
ier was informed respecting the character of the notes and
warned against purchasing them.   After that time, there-
fore, although the injunction suit may not have been be-
gun until June, the bank could not acquire any interest as
an innocent purchaser.   A simple delivery of negotiable
promissory notes as collateral security without indorse-
ment (where indorsement is required to vest the title in
the purchaser or pledgee) vests in the pledgee a contin-
gent equitable interest only, or in the proceeds thereof,
subject to the prior equities of third persons as against the
pledgor.   Such unindorsed collateral securities stand upon
the same footing as non-negotiable paper subject to all
defenses, equities, and infirmities existing between the
payee and maker.   Colebrooke on Collateral Securities,
Sec. 6.   These notes were taken by the bank, if at all, as
collateral security for an antecedent debt, and it could only

become a purchaser for value of such paper upon indorsement before maturity, in good faith, and without notice of equities, even under the most favorable rule adopted in those States where the holder of commercial paper as collateral security for an antecedent debt is regarded as a purchaser for value.   Taking the two judgments together, then, the question becomes an open one for consideration, whether the bank had any interest in the notes prior to the commencement of the injunction suit.   If the notes were not indorsed at the time its cashier and manager had notice of the facts, the bank had not then any interest as against the defense of want of consideration, and could not thereafter acquire any.   It was by the decree of a competent court perpetually enjoined from collecting such notes except as to such interest as it had acquired prior to the injunction suit.   The absence of any such interest may be shown in the suit in the district court of Weston County brought upon the judgment; the injunction affecting its collection as well as the notes upon which it was founded. Otherwise, the courts of this State would be giving full faith and credit to one judgment of another State, and denying the same to another judgment of the same State concerning the same subject matter, between the same parties, and rendered by a court not only of co-ordinate, but of more extended, jurisdiction than the other.

The pleadings in the suit brought in the district court of Dawes County are not found in the record, but the language of the referee's report and the decree in that cause indicates that the purpose of the suit was to secure the cancellation of the notes in question, and to restrain their transfer and collection.   That suit was brought long anterior to the action in the county court, and the maker, the original payeēs, and the bank of Chadron, the alleged holder, were all parties. The said district court, therefore, duly acquired jurisdiction, as the decree recites the appearance of all the parties, to determine the relative rights of said parties in and to such notes, and the liability of Anderson thereon to either of the other parties.   In Tay-

lor v. Taintor, 16 Wall., 366, Mr. Justice Swayne with regard to the concurrent jurisdiction of a State court and a court of the United States said: "The tribunal which first gets it holds it to the exclusion of the other, until its duty is fully performed, and the jurisdiction invoked is exhausted." * * * It is indeed a principle of universal jurisprudence that where jurisdiction has attached to person or thing, it is, unless there is some provision to the contrary, exclusive in effect until it has wrought its function." And we understand the rule to be well settled and universally recognized that the judgment of that court which first acquires jurisdiction of the subject matter of a cause of action and of the parties thereto will prevail over the judgment of another court whose jurisdiction was subsequently acquired. (Fitzgerald v. Fitzgerald et al, 44 Neb., 463; State v. Chinault, 55 Kan., 326; Home Ins. Co. v. Howell, 24 N. J. Eq., 238; Akerly v. Vilas, 15 Wis., 440. See also, Main v. Field, 13 Ind. App., 401; Lee v. Gross, 126 Ind., 102.)

The judgment of the county court was rendered upon the notes which were the subject of the action previously brought and then still pending and undetermined in the district court of the same county. It is not essential that such judgment of the county court should be held as void; it is sufficient, and to that extent only do we care to go, that the judgment of the district court must prevail. For this reason, if no other, the defendant in error, in the suit brought upon the judgment of the county court, is at liberty to deny, and establish by proof if possible, that the bank had not acquired any interest as against him in the notes prior to the commencement of the suit in which the injunction was allowed. This question can not be said to have been in issue in the action before the county court. The judgment in that court was rendered on default. The petition alleged that the notes were executed to the original payees to cover an indebtedness to them due from the maker, and made no reference whatever to the pending suit in the district court. The decree awarding the in-

junction was not rendered until after the judgment in the county court, and hence could not have been pleaded in the suit in that court. Such decree constitutes a defense to the judgment upon facts arising subsequent thereto.

*The judgment is affirmed.*

CONAWAY, C. J., and CORN, J., concur.

ON PETITION FOR REHEARING.

CONAWAY, CHIEF JUSTICE.

This petition for rehearing was filed after the expiration of the time allowed by Rule 23, and after defendant in error had become entitled, under Rule 26, to a special mandate to the trial court to enforce the judgment. These rules have the force of statutory law, and parties have a right to reply upon them as such for purposes of terminating litigation, and for other purposes.

This is fully discussed and the authorities upon the point reviewed in Cronkhite v. Bothwell, 3 Wyo., 739. It is there intimated, however, that where compliance with the rules is prevented by an "overwhelming necessity," this court may have power to grant appropriate relief. No such showing is made in that case or in this case, or in any reported case, I believe, in this State.

A motion to strike this petition for rehearing from the files has been filed. This motion can not be considered now because the plaintiff in error has not had notice of the motion. Neither is the petition for rehearing properly before us for consideration on its merits, for two reasons:

1. The reason already given that it was not filed in time.

2. It is not accompanied by any brief.

The petition for rehearing is an ex parte proceeding, and the argument in support of it is by brief only unless oral argument be requested by the court. (See Rule 23 )

We have, however, glanced at the petition for rehearing to ascertain if possibly a case of failure of justice be

shown.    It seems that all the points made by it were pre-
sented on the original hearing.    It is, in effect, merely a
reassignment of alleged errors already passed upon.    And
the case was carefully considered, and we are still of the
opinion it was decided rightly.

*Rehearing denied.*

Potter and Corn,  JJ., concur.