CHARLES A. WILSON

v.

ROY F. ANTHONY et al.

[Submitted April 30th, 1907. Decided May 2d, 1907.]

The fraud in obtaining a foreign judgment for which equity will enjoin execution of a domestic judgment founded on the foreign judgment does not relate to the cause of action, or to evidence adduced before the foreign court, but to deception and downright fraud in procuring jurisdiction, or in preventing defendant, by fraudulent means, from presenting his defence.

On motion for an injunction to restrain the execution of a judgment at law.

On June 7th, 1904, one Samuel L. Bailey recovered a judgment by default against the complainant, Wilson, in the supreme court of the State of New York for $1,594.31. This judgment was assigned to the defendant Anthony, who brought suit thereon in the New Jersey supreme court. Wilson pleaded to the action that he had not been served with process in the New York suit, and the action was tried upon this issue before the chief-justice and a jury on April 10th, 1906. There was a verdict for the plaintiff and an affirmance of the judgment entered thereon by the court of errors and appeals, the judgment being finally entered for $1,845.55. Wilson, in May, 1906, after the verdict in the New Jersey action, moved the New York supreme court to set aside the judgment. This motion was heard in October, 1906, and, as was stated on the argument, was denied on the ground of laches. Again, in 1907, Wilson made a second motion in the New York supreme court to set aside the service of the summons in that action and the judgment consequent thereon, which motion was likewise denied.

The complainant now comes to this court with a bill praying

that Anthony & Bailey may be enjoined from enforcing payment, not only of the New Jersey judgment, but of the New York judgment as well, on the ground of fraud.

The fraud set out in the bill consists of allegations—*first*, that Wilson was not served with process in the New York suit; *second*, that the complaint there was withheld from the files until the day the judgment was entered, and *third*, that Bailey made a false affidavit to the complaint.

The complaint charges Wilson with an indebtedness of $1,300 for two thousand bushels of corn and the husks and stalks on which the same was grown, and the affidavit verifies the complaint that the same is true to the plaintiff's own knowledge.

*Mr. Frank E. Bradner,* for the complainant.

*Mr. Andrew Van Blarcom,* for the defendants.

HOWELL, V. C.

The jurisdiction of this court to interfere with the enforcement of judgment at law is undoubted and is not questioned by the defendants. The cases on the subject in our own state are so numerous that they cannot all be alluded to. In this case the court is asked to enjoin enforcement of a domestic judgment for the reason that the foreign judgment, which was its foundation, was obtained by fraud.

Mr. Justice Gummere, now chief-justice, in *Fairchild* v. *Fairchild, 53 N. J. Eq. (8 Dick.) 678,* says:

"Can this judgment rendered by a court which has jurisdiction over the parties and over the subject-matter of the litigation be ignored by the courts of this state notwithstanding the prescription of the constitution of the United States? * * * It seems to me not, for, while this constitutional provision and the federal statutes referred to have been the subject of more or less diversity of judicial opinion, it is now entirely settled that the only grounds upon which the judgment of a court of general jurisdiction can be disregarded in another state are—*first,* where the adjudging tribunal had no jurisdiction over the person

against whom judgment was pronounced, or over the subject-matter of the litigation, and *second,* where the adjudication of the foreign tribunal has been obtained by fraud."

Is the fraud alleged in the bill of complaint such fraud as is required by the decision in *Fairchild* v. *Fairchild* to override the judgment in question?

As to the first allegation, viz., that there was no service of process in the foreign jurisdiction, it is sufficient to say that it appears by the bill that this has already been adjudicated against the complainant not only in our supreme court but in our court of errors and appeals, and twice in New York in the original suit, and on the argument complainant's counsel felt compelled to admit that he must discuss the case as if service had been undoubtedly made upon the complainant in New York. Neither do I think that the complainant can avail himself of the withholding of the complaint from the files until the entry of the judgment. I think we must assume, in the absence of evidence to the contrary, that the mere procedure which resulted in the entry of the judgment in the New York court was regular and in accordance with the law of that state.

I am quite as confident that the third cause of complaint has as little foundation in law as the other two.

A careful examination of the affidavits submitted with the bill, taken in connection with the facts disclosed by the defendants' affidavits, does not satisfy me that there was any fraud practiced by Bailey. Neither am I convinced by these depositions that Wilson had a clear and unmistakable defence to the action in New York. But suppose there was a defence made out, it could not avail Wilson unless he could also show fraud. How then does the case stand?

An attempt was made to convince this court of the fact of fraud by offering to show that the New York judgment was unjust; that instead of a judgment for the plaintiff therein the real fact was that the balance of account was in favor of the defendant, and that the judgment was therefore the product of false evidence, in short, of perjury.

"To secure the interference of equity it will not suffice to show that injustice has been done by the judgment against which

relief is sought; it must appear that the party has an equitable defence of which he could not avail himself at law or had a good defence at law of which he was ignorant until after the time for making defence at law had passed, or that he was prevented from making his defence by fraud or artifice of his adversary, or by fraud, accident or mistake unmixed with any negligence of his own, or that his ground of interference is a matter of pure equity cognizance." *Brick* v. *Burr, 47 N. J. Eq. (2 Dick.) 189 (Vice-Chancellor Green).*

Similar language was used by the court in *Mechanics Bank* v. *Burnet Manufacturing Co., 33 N. J. Eq. (6 Stew.) 486.* There the allegations were non-service of process and no indebtedness. The court refused to consider these grounds, but enjoined the judgment on another ground.

There is no allegation here that the plaintiff in the New York suit in any way prevented the defendant from making his defence there. The fact of service has been adjudicated against him. He had his opportunity to make his defence which he neglected to avail himself of, and now no mere allegation that the judgment is for too large an amount can move a court of equity. In fact, a judgment obtained by perjured testimony, without other matters of equitable cognizance, could not avail the complainant on this motion.

Chancellor Kent so held in *Smith* v. *Lowry, 1 Johns. Ch. 320,* and this case has been approved on this point in *Cairo and Fulton Railroad Co.* v. *Titus, 27 N. J. Eq. (12 C. E. Gr.) 102; Hannon* v. *Maxwell, 31 N. J. Eq. (4 Stew.) 318,* and *Dringer* v. *Receiver, 42 N. J. Eq. (15 Stew.) 573,* where Vice-Chancellor Van Fleet approves of the statement made by Mr. Justice Miller in *United States* v. *Throckmorton, 98 U. S. 61.*

"The acts for which a court of equity will, on account of fraud, set aside or annul a decree between the same parties rendered by a court of competent jurisdiction have relation to frauds extrinsic and collateral to the matter tried by the first court and not to a fraud in the matter on which the decree was rendered."

Great stress was laid on the argument by complainant's counsel on two recent English cases; *Abouloff* v. *Oppenheimer, 10 Q. B.*

*Div. 295 (1882)*, and *Vadala* v. *Lawes, 25 Q. B. Div. 310 (1890)*, were, respectively, actions at law upon foreign judgments, one rendered by a Russian court and the other by an Italian court, and in each case it was held that the English courts would inquire into the fact of perjury committed in the original action. If they have any pertinence whatever to the matters in controversy here they show that when the New York judgment was sued upon in the New Jersey supreme court the defence of fraud might have been set up and litigated, and that therefore the complainant is barred from again raising this issue.

These cases are severely criticised by Judge Wallace in the circuit court of the United States for the southern district of New York, in *Hilton* v. *Guyott, 42 Fed. Rep. 249,* as being in conflict with the *Throckmorton Case* above cited, which has been so strongly approved in this state, and for the further reason that the authorities cited do not sustain the proposition. In my opinion they must be held to have engrafted on the *Duchess of Kingston's Case (2 Sm. Lead. Cas.)* a modification of the rule there laid down, which does not appear ever to have been hinted at in our courts.

I therefore conclude that the fraud referred to in *Fairchild* v. *Fairchild, supra,* does not and cannot relate to the cause of action or to evidence adduced before the court in the foreign jurisdiction, but does relate to deception and downright fraud in procuring jurisdiction or in preventing the defendant by fraudulent means from presenting his defence. And inasmuch as the case does not show any fraud in the institution of the suit or in obtaining jurisdiction, or that the defendant was in any way hindered by the plaintiff from appearing and defending the action, or from producing such witnesses as had knowledge of the facts, the injunction prayed for must be denied.